CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
Plaintiff, a passenger on a New Orleans Public Service, Inc. (NOPSI) streetcar, was injured when the streetcar collided with an automobile. Plaintiff named as defendants, NOPSI, Richard Bonnet (driver of the streetcar), and John Madere (the driver of the automobile involved in the collision). After trial on the merits, the trial court rendered judgment in favor of plaintiff and against the three defendants in solido in the amount of $45,000 plus medical expenses of $2,832.12. Defendants NOSPI and Richard. Bonnet appeal that judgment to this court.
On a finding that the judgment of the trial court is correct, we affirm.
The pertinent facts of the case are as follows:
' Plaintiff boarded a NOPSI streetcar on Carrollton Avenue in New Orleans a few blocks before that avenue ends and the streetcar turns onto St. Charles Avenue to proceed toward Canal Street. The streetcar continued on Carrollton Avenue and negotiated its turn onto St. Charles Avenue. At the intersection of St. Charles Avenue and Burdette Street, a distance of three blocks from Carrollton Avenue, the right front of the streetcar collided with the left front fender of defendant ■ Mad-ere’s automobile. Madere was waiting for traffic to clear in front of him on the neutral ground before completing a left turn across St. Charles Avenue. The front of his automobile was on the neutral ground partially blocking the streetcar tracks. Plaintiff had not yet reached the seat in which he intended to sit when the collision occurred. The impact threw him down between two seats striking his back.
Plaintiff contends that the combined negligence of the defendants caused the accident from which he sustained his injuries. In particular he contends that the streetcar motorman failed to keep a proper lookout and stop the streetcar safely before impact. He further contends that the defendant Madere was negligent in entering the intersection when he saw that the streetcar was only one-half block from the intersection and another automobile was already on the neutral ground preventing him from completing his turn.
NOPSI and Richard Bonnet are the only two defendants appealing the judgment of the trial court, they contend that the negligence of Madere was the sole and proximate cause of the accident. They contend the motorman, Bonnet, was guilty of no negligence in his operation of the streetcar. They further contend that Madere was negligent in turning his car across the streetcar’s path when the streetcar was too close to the intersection to avoid the collision and that the sole and proximate cause of the accident was the negligence of Mad-ere.
The trier of fact is given wide discretion in his determination of the accuracy and credibility of the witnesses. Absent a showing of manifest error this court will not overturn the lower court’s findings of fact.
The trial court, in his reasons for judgment, stated:
“The Court finds that Madere stopped on the tracks because a car in front of him was stopped on the tracks, waiting for traffic on St. Charles to pass. Further, the Court finds that the vehicle turned into the neutral ground when the streetcar was at least one-half block from the intersection.
“Mr. Bonnet, by trying to stop the streetcar as fast as he could, may have locked the wheels. In either event, he should have maintained his car under better control and should have preceived [sic] Madere’s left turn and been able to stop sooner than he did. (Though there was no direct testimony on the point, the *886 Court infers that Madere s brake lights went on as he braked for the left turn).
“The Court concludes that both drivers were guilty of negligence.”
Madere’s own testimony established that he saw the streetcar coming before he started his turn and that he realized that the automobile already on the neutral ground would prevent him from completing his turn and getting out of the streetcar’s way. He further admitted that there was nothing preventing him from stopping his car on St. Charles Avenue and waiting for the streetcar to pass before crossing the neutral ground.
The defendants next contend that the trial court’s award of $30,000 for future loss of wages is excessive and should be reduced. Again, we do not feel that the trial judge has abused the wide discretion accorded him.
The plaintiff’s treating physician testified that plaintiff has suffered a herniated lumbar disc. He stated that the plaintiff did not sufficiently respond to conservative therapy, necessitating the performance of a lumbar laminectomy. In his opinion the plaintiff had a 10 per cent partial disability following the operation and he would not recommend plaintiff return to his prior employment as a stevedore or any job wherein he would push, pull or lift objects more than 50 pounds.
The only, other physician testifying was one who had examined plaintiff once at the request of defendants’ attorney. This examination was performed after the lumbar laminectomy operation. The physician stated that it would be impossible to determine if plaintiff had suffered a herniated lumbar disc before the operation was performed. He never stated whether or not he would recommend that plaintiff return to his former employment.
There was evidence by stipulation from which the trial court could have concluded that a loss of about $2,000 a year in earn-mgs over plaintiff’s work-life expectancy should be compensated by $30,000. Defendants’ real complaint is that plaintiff’s prior earnings were not proved. We agree that the evidence does not give a mathematical justification for the $30,000 award. But the evidence does show an impairment in earning capacity as a laborer. If the $30,000 is more than we might have estimated, it is not beyond the trial judge’s “much discretion”, C.C. art. 1934(3).
For the foregoing reasons, the judgment of the lower court is affirmed.
Affirmed.