BOUTALL, Judge.
This is a suit for damages and personal injuries arising from an automobile accident. Plaintiff has appealed from a judgment dismissing his suit.
The accident occurred at the intersection of St. Louis and Basin Streets in the City of New Orleans. Plaintiff, Ramirez, was travelling on St. Louis Street towards the river, when he approached a stop sign facing him at Basin Street’s intersection. Defendant Barnes was in the median or neutral ground of Basin Street facing down St. Louis Street, away from the river. Barnes turned left onto Basin Street while plaintiff’s vehicle was' proceeding toward him and the vehicles struck, left fender to left fender.
Defendant contends he was proceeding down St. Louis away from the river, stopped at the stop sign at Basin, proceeded to the neutral ground and turned left. Plaintiff contends he stopped for his stop sign and proceeded to cross Basin, at which time defendant, whom he says had been driving on Basin Street, made a U-turn, crossed the median and ran into his car. A fare-paying passenger in Barnes’ cab left the scene and no investigating police officer testified at trial. Barnes, Ramirez and Ramirez’s wife were the only witnesses testifying as to the accident itself.
During defense counsel’s cross-examination of Ramirez, testimony was elicited contrary to Ramirez’s prior deposition testimony, and contrary to plaintiff’s previously filed answers to defendant’s interrogatories in several particulars. Chief among these were the surprising (to defendant) admis *375 sions that plaintiff, contrary to prior answers, had just recently been involved in an automobile accident and had seen two doctors for injuries from this just before trial, and that plaintiff had filed several lawsuits for personal injures and for Workmen’s Compensation claims.
When the defense counsel finished his case, before resting he asked for a continuance because of this surprising testimony of plaintiff so that he could investigate and subpoena the doctors, etc. The court denied this, saying it was unnecessary and rendered judgment for defendants, stating in oral reasons that the plaintiff had failed to prove any negligence by the defendant, since to find such negligence, he would have to believe fullhéartedly the testimony of Ramirez, which he found to be “throughout this trial . . . wrought with contradictions”.
Important was the location of impact; near the cemetery alongside Ramirez’s stop sign, as Barnes testified, or near the neutral ground, three or four lanes away as Ramirez testified. The court noted that no investigating police officer was produced to set the location impartially and that it could not believe Ramirez. In a perusal of the transcript we note several self-contradictions in Ramirez’s testimony, and many obvious contradictions to his prior deposition and answers to interrogatories, dealing with his employment, his applications for employment subsequent to the present accident, his injuries prior to the accident, even as to when he first saw defendant’s cab, which he variously places as in, from, or across the neutral ground, or striking him when he first sees it. We note similar inconsistencies in Mrs. Ramirez’s testimony, although on points unrelated to the accident.
The trial judge undoubtedly made a negative determination as to plaintiff’s credibility. Wide discretion is allowed him in determination of the credibility and truthfulness of witnesses and findings of fact based thereon will not be disturbed on appeal unless manifestly erroneous. Kelly v. Bonnet, 299 So.2d 884 (4th Cir. La.App. 1974); Kolb v. State, Dept. of Public Safety, Lic.C. & D.I.Div., 299 So.2d 877 (4th Cir. La.App. 1974).
Plaintiff further complains that the judge erred in stopping the trial when he did, arguing that it was prematurely completed by the judge, and that plaintiff was denied any rebuttal. He argues La.Code of Civil Procedure Article 1632, which provides for “Order of Trial”, but which we note further provides that this order may be varied by the trial judge. We note that plaintiff’s counsel objected to defendant’s motion for continuance at the end of his case, and did not attempt or offer to produce any rebuttal witnesses, testimony of documentary or other evidence. He stood silent, and did not object during or after oral rendition of judgment. He did not tell the judge at any time that he had any rebuttal, nor move to introduce any, and he cannot let the judge render decision without objecting or notifying him of any intentions as to rebuttal and then later, without even asking for new trial, object on appeal. Such a procedural right not asserted at trial is considered abandoned. See Holder v. Travelers Ins. Co., 159 So.2d 292 (2nd Cir. La.App. 1964), writ refused, 245 La. 954, 162 So.2d 10.
For these reasons, we affirm the judgment below.

AFFIRMED.