299 So.2d 877 (1974)
Richard G. KOLB
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, LICENSE CONTROL AND DRIVER IMPROVEMENT DIVISION.
No. 6256.
Court of Appeal of Louisiana, Fourth Circuit.
September 10, 1974.
Meunier, Martin & Meunier, Marcel J. Meunier, Jr., New Orleans, for plaintiff-appellee.
Jodie W. Stout, Delhi, Foye L. Lowe, Jr., Baton Rouge, for defendant-appellant.
Before REDMANN, and GULOTTA, JJ., and MARCEL, J. Pro Tem.
CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
Plaintiff was charged with the offense of operating a motor vehicle upon a public street in the City of New Orleans while under the influence of alcoholic beverages. The charge was subsequently "nol prossed" in the New Orleans Traffic Court. The Department of Public Safety then gave notice to plaintiff that his driver's license was being suspended for six months and directed him to return his registration plates and certificates to that department. Plaintiff requested and received an administrative hearing. After the hearing, the officer conducting same recommended that the plaintiff's license not be suspended but the Department of Public Safety affirmed its earlier decision to suspend his license. Plaintiff applied for judicial review of that decision to the Civil District Court for the Parish of Orleans. After a full hearing on the merits, the district court rendered judgment in favor of plaintiff, enjoining the defendant from suspending plaintiff's license. Defendant department appeals that judgment to this court. On a finding that the judgment of the trial court is based on a credibility evaluation in which we find no error, we affirm.
The sole basis upon which plaintiff's driver's license is sought to be suspended is his alleged refusal to submit to a chemical test for determining the blood-alcohol ratio in suspected drunken drivers. The test is authorized under the provisions of LSA-R.S. 32:661 (A). LSA-R.S. 32:667 states that a refusal to submit to the test results in a suspension of the driver's license for a period of six months.
*878 Under the provisions of LSA-R.S. 32:667 the law enforcement officer must have had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle on the public highways of this state while under the influence of alcoholic beverages, that he had informed the arrested person as provided in R.S. 32:661(C) and that the person had refused to submit to the test upon the request of the law enforcement officer.
Plaintiff contends that at no time was he advised that he would lose his driving privileges if he refused to take the alcohol analysis test. He testified that he was given two forms for his signature both of which he refused to sign. He read neither of them. While admitting that one of the forms was read to him, he denies that it was the one explaining the consequences of refusing to take the alcohol analysis test.
The arresting officer testified in behalf of the defendant. He stated that he explained the consequences of refusing the test twice to plaintiff, once at the time of the arrest and again upon arriving at Central Lockup.
The trial judge is vested with wide discretion in assessing the truthfulness and accuracy of the witnesses. We cannot find anything in the record to indicate that he abused that discretion.
In further support of plaintiff's contention, we note that he invoked an administrative hearing prior to instituting this action in the district court. At the hearing no witnesses were presented. Only two parties were present, the plaintiff and a License Control Officer who subsequently recommended that plaintiff's license not be suspended.
We conclude that plaintiff has borne the burden of proof imposed on him by law and has satisfactorily established that upon his arrest he was not advised of the consequences of a refusal to take the alcohol analysis test.
For the reasons assigned, the judgment of the lower court enjoining defendant from suspending the plaintiff's motor vehicle driver's license for any cause arising out of the matters involved in this proceeding is affirmed.
Affirmed.