323 So.2d 212 (1975)
Ralph JAUBERT
v.
DEPARTMENT OF PUBLIC SAFETY of the State of Louisiana.
No. 6991.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
*213 Ovide M. Tregle, Jr., Robert B. Chopin, Metairie, for plaintiff-appellee.
Foye L. Lowe, Jr., Associate Gen. Counsel, Baton Rouge, for defendant-appellant.
Before SAMUEL, REDMANN, BOUTALL, SCHOTT and MORIAL, JJ.
MORIAL, Judge.
The Department of Public Safety (Department) appeals a decision of the district court restraining, enjoining and prohibiting it from interfering with plaintiff's driving privileges. We reverse and remand.
When arrested by law enforcement officers on December 22, 1973, Ralph Jaubert refused an Implied Consent Sobriety Test. LSA-R.S. 32:661 et seq. Upon receipt of the sworn report (LSA-R.S. 32:667) of the law enforcement officers, the Department of Public Safety notified Jaubert of the suspension of his driver's license for a period of six months. Jaubert requested an administrative hearing. LSA-R.S. 32:668. At this hearing, Jaubert, his son who was with him at the time of his arrest, and his wife were the only persons to testify. Submitted at the hearing were an unsworn arrest report and the arresting officers' LSA-R.S. 32:667 conclusionary repart which stated in part: "That he [they] had reasonable grounds to believe that Ralph D. Jaubert had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages. * * *" After the hearing, the Department sustained the suspension. Ralph Jaubert filed suit in the Civil District Court for the Parish of Orleans (LSA-R.S. 32:668, LSA-R.S. 32:414, subd. E) seeking to enjoin and prohibit the Department from suspending his license.
When the trial began, the court heard plaintiff's testimony on the merits which consisted primarily of evidence on the issue of reasonable grounds. LSA-R.S. *214 32:667-668. Thereafter, the parties stipulated that reasonable grounds was the only issue to be determined. After hearing a portion of the Department's testimony on that issue, objection was made which was sustained. The court curtailed testimony of the arresting officers and stated that it would be excluded on the basis that they had not appeared at the administrative hearing. The district judge concluded that the judicial hearing (LSA-R.S. 32:668, 32:414, subd. E) was limited to a review of the administrative proceedings within the Department and was not a trial de novo.
LSA-R.S. 32:668, subd. B provides:
"If the suspension or determination that there shall be a denial of issuance is sustained after such a hearing, the person whose license or permit to drive or nonresident operating privilege has been suspended or to whom a license or permit is denied shall have the right to file a petition in the appropriate court for a review of the final order of suspension or denial by the State Department of Public Safety in the same manner and under the same conditions as is provided in R.S. 32:414 in the cases of suspension, revocation and cancellation of licenses."
Judicial review is provided for in LSA-R.S. 32:414, subd. E the pertinent part of which states:
"* * * Any person denied license or whose license has been suspended, cancelled or revoked shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish in which the applicant resides, and such court is vested with jurisdiction to set the matter for hearing in open court upon ten days written notice to the department, and thereupon to determine whether the person is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this Chapter, and appeal from the district court may be taken to any court of competent appellate jurisdiction. (emphasis supplied).
The petition filed by the plaintiff pursuant to LSA-R.S. 32:414, subd. E brought this case before the district court under its exclusive original jurisdiction. See Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). Although a prior administrative determination of suspension had been made by the Department, LSA-R.S. 32:414, subd. E provides for the court "* * * to determine whether the person * * * is subject to suspension, * * *." Neither LSA-R.S. 32:414 nor LSA-R.S. 32:668 places any restriction or limitation on the scope of the original judicial hearing therein granted. The court is not restricted to a review of the findings of the Department. This conclusion is not inconsistent with the Administrative Procedure Act, LSA-R.S. 49:951 et seq., which provides:
"§ 964. Judicial review of adjudication
A. A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury." (emphasis supplied)
The hearing is a civil action amenable to the rules of procedure and proof for such actions. Meyer v. State, Dept. of Public Safety Lic. Con., etc., 312 So.2d 289 (La. 1975). However, we conclude that the application for a court hearing to challenge the Department's suspension of a drivers license does not shift to the plaintiff the burden of showing the absence of *215 reasonable grounds. The burden of affirmatively proving reasonable grounds is initially on the Department (LSA-R.S. 32:668) and remains with the Department throughout the court hearing. In the absence of a showing of reasonable grounds, the Department had no legal basis to proceed further (to place the plaintiff under arrest, etc., LSA-R.S. 32:667) and to invoke the serious action of suspension of plaintiff's license to drive. See: Smith v. Department of Public Safety, 254 So.2d 515, 518 (La.App. 4 Cir. 1971).
The court hearing that we conclude is required by LSA-R.S. 32:414, subd. E does not allow for the Department to carry its burden of proving reasonable grounds solely on the basis of a sworn report of a law enforcement officer which contains the statutory conclusionary statement that "* * * he had reasonable grounds * * *."
For the foregoing reasons the judgment of the district court is reversed and the case is remanded for a trial not inconsistent with the views herein expressed.
Reversed and remanded.
REDMANN, J., dissents with written reasons.
SCHOTT, J., dissents with written reasons.
REDMANN, Judge (dissenting).
The determination whether the arresting officers had reasonable grounds cannot fairly be left to the arresting officers themselves. They cannot be their own judges on that question. Rather, the administrative hearing examiner must determine that question, on the basis of the arresting officers' statements contained in their report or in their testimony before him.
The statutory judicial review does afford a trial de novo to the driver, who may present more evidence in court than presented at the administrative hearing. The driver does get two chances. But the state does not. Judicial review cannot afford the state the license to suspend at will upon the arresting officer's conclusory say-so (rather than upon a determination by the hearing examiner) and then await the judicial review to showif such be the case not merely that the arresting officer thought he had cause, but rather that the facts the officer testifies to show he did have cause.
I agree that the arresting officers' recital here was partly conclusory: "erratic driving" contains no evidentiary facts. "Running over curbing at U-turn" is quite specific, but because it stands alone it is insufficient to constitute reasonable grounds to stop the driver and oblige him to take an alcohol test or forfeit his license.
SCHOTT, Judge (dissenting).
LSA-R.S. 32:667 and 668 detail a procedure for the Department of Public Safety to follow in order to suspend a person's driver's license. When plaintiff filed his petition for judicial review of the Department's order of suspension the first inquiry should have been whether the Department complied with the provisions of the statute so as to bring about an effective suspension.
The record contains the sworn report required by § 667 but it is almost devoid of a record of the hearing which the Department was obliged to hold under § 668. The record consists only of some hand-written notes reflecting that plaintiff and his wife testified and that plaintiff's attorney made a handwriting demonstration and a statement in his client's behalf. There is no report as such by any hearing officer as to his findings and the record hardly demonstrates that § 668 was complied with so that:
"... the scope of such a hearing for the purposes of this part shall cover *216 the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages, ..."
It seems elementary that for the Department to determine whether the policemen "had reasonable grounds to believe" anything the testimony of these officers would be required. Only they could tell the Department what was in their minds, i. e., what they believed when they detained plaintiff.
Thus, plaintiff is in the same position now as he was in after the Department implemented § 667 because he applied for an administrative hearing but has not yet been properly afforded one. Until he receives that which the Department is required to provide the suspension of his license does not become effective. Harrison v. Department of Public Safety, 298 So.2d 312 (La.App. 4th Cir. 1974) writ refused, La., 300 So.2d 840. Accordingly, I would affirm the judgment of the trial court to the extent that a preliminary writ of injunction was issued.
My colleagues in the majority have remanded this case to the District Court for a hearing to allow the Department to prove that it had reasonable grounds to detain plaintiff. From this disposition of the case I also dissent. In my opinion, the judgment of the trial court should be affirmed with the reservation that the Department of Public Safety may properly implement R.S. 32:668 should it elect to do so.
I disagree with the majority that judicial review under § 668B. contemplates a trial de novo and submit that their conclusion was reached by a misinterpretation of R.S. 32:668 when read in connection with R.S. 32:414. While § 668 does provide that the Department is to "afford [the subject] an opportunity for a hearing in the same manner and under the same conditions as is provided in R.S. 32:414 for notification and hearings in the case of suspension of licenses" the statute specifically provides what kind of a hearing is to be conducted in a § 668 proceeding. By reference to R.S. 32:414 there is nothing which suggests the formality of the hearing required in § 668. § 414 provides only for an investigation by the Department, preparation of findings by the investigator, and a review of the findings by the Department. Nowhere does § 414 require an administrative hearing as does § 668, so that when the person's license has been denied or suspended as a result of a § 414 proceeding the first opportunity he has for a hearing is in the District Court upon his application for a judicial review. Because § 668 mandates an administrative hearing simple logic indicates that the legislature intended for the scope of judicial review to be something less than a complete rerun of the hearing required of the Department in § 668.
The hearing required by § 668 is "an adjudication proceeding" under R.S. 49:964 and judicial review of such is governed by that statute. I do not interpret that statute to authorize a trial de novo in court on the same issues which were heard at the adjudication proceeding conducted by the Department of Public Safety. The trial de novo spoken of in subsection A. must be interpreted in the light of the provisions of subsections E., F. and G. Subsection F. prescribes that judicial review shall be confined to the record. There is a proviso under subsection E. that the court may take evidence in addition to that which is in the record provided that the subject shows that the additional evidence is material and that there were good reasons for his failure to present it at the administrative hearing. Subsection G. authorizes the court not only to affirm or reverse a finding but also to remand the case for further proceedings. It may reverse where the administrative determination was made upon unlawful procedure or was arbitrary or capricious. All of these suggest that the de novo judicial *217 hearing mentioned in A. is to be on the issue of whether the administrative hearing was properly conducted and not that the entire administrative hearing is to be rehashed and replayed in court.
Under subsection G. the trial court in the instant case was authorized to remand the case to the Department of Public Safety for further proceedings. The word "may" in the statute vests the trial court with discretion in this connection. In any event, there is no necessity for a remand in the instant case because the Department of Public Safety is free to implement R.S. 32:668 if it chooses to do so. Until and unless it embarks on this course the injunction will remain in effect and plaintiff's driving privileges are retained.
I respectfully dissent.