BLANCHE, Judge.
Plaintiff-appellant, James White, Sr., is appealing from a trial court judgment which dismissed his petition to set aside the suspension of his motor vehicle operating privileges.
The sole issue is whether or not plaintiff refused to take a test to determine the alcoholic content of his blood after being arrested for driving while intoxicated.
An administrative hearing was held on August 16, 1977, before a Hearing Officer of the Department of Public Safety at plaintiff’s request concerning his alleged refusal to submit to a chemical analysis for the determination of the alcoholic content of his blood. The officer found that all of the provisions set forth under LSA-R.S. 32:661, et seq., were completely satisfied. This statutory provision provides for the revocation of a motor vehicle driver’s license upon refusal to submit to the appropriate test.
The Hearing Officer stated in his findings of fact:
“C. Testimony of Trooper Gill reflects plaintiff refused to submit to the P.E.I. and at no time did plaintiff attempt to take it. Plaintiff, on the other hand, testified that he did attempt to blow in the machine several times and informed the officer he could not blow harder when he was requested to. Plaintiff argues at no time did he refuse — he just could not blow harder due to a medical condition so described in an Affidavit of Dr. Edward J. Herpich and marked into evidence as W-l.” (Record, p. 9)
*266 At the trial in the district court there was conflicting testimony between plaintiff and Trooper Charles R. Gill, who had arrested plaintiff for driving under the influence of alcoholic beverages.
Plaintiff testified as follows:
“ * * * I sat down, I faced another officer inside the van. He was up behind a little glass desk that was in the van. And he lent me a little tube. He said, T want you to blow into this tube.’ I placed the tube in my mouth and I took a breath, I tried to blow into the tube. I blew in and he said, ‘Try it again.’ I put it back in my mouth, took a breath, I blew again. He asked me to try it again. I put it in my mouth, I took a breath, I blew again. And by that time, Officer Gill said, T think I’ll give him a sobriety test.’ He asked me out of the van. * *” (Record, p. 31)
Trooper Gill, under questioning by the trial court, testified:
“Q. No, I’m talking about the breath test.
“A. Yes, sir, he did.
“Q. He refused to do that?
“A. Yes, sir, he did.
“Q. And he kept on refusing until you just finally shut the equipment down and got out of the van; is that right?
“A. Shut the equipment down, but didn’t get out of the van. Then we started the refusal form and he agreed to take the test.
“Q. Did he do it?
“A. No, sir, the machine was set up again, at this time. Then once it was set up again, he refused.
“Q. He refused again?
“A. So then it was shut off this time.
“Q. It’s your testimony that he refused to take the test; is that right?
“A. Yes, sir, it is.”
(Record, p. 57)
Plaintiff submitted a proffer of testimony by Trooper Gill in an attempt to prove that Trooper Gill’s attention was diverted while plaintiff was in the van. The testimony involved the possibility that Trooper Gill could have talked with the operator of a towing vehicle which had come to the scene of arrest to tow away plaintiff’s vehicle. The gist of Trooper Gill’s testimony is that he might have engaged in a conversation with the towing vehicle operator at the rear of the van to the extent that he gave him permission to tow the vehicle but that he did not recall such a conversation.
The trier of fact has broad discretion where there is a conflict of testimony. Our examination of the record gives us no reason to find any abuse of discretion in this case.
For these reasons, we affirm the judgment of the trial court, with costs cast to plaintiff-appellant.
AFFIRMED.
CHIASSON, J., dissents and assigns written reasons.