590 So.2d 1333 (1991)
Christopher J. DEMENT, Plaintiff-Appellee,
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Defendant-Appellant.
No. 23131-CA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1991.
*1334 Stephen A. Quidd, Baton Rouge, for defendant-appellant.
Charles R. Blaylock, Monroe, for plaintiff-appellee.
Before NORRIS, LINDSAY and STEWART, JJ.
LINDSAY, Judge.
The Department of Public Safety and Corrections (the Department) appeals from a trial court judgment holding that judicial review of a driver's license suspension is restricted to a review of the administrative record. Finding that a trial de novo is required in such a case, we reverse and remand.

FACTS
Christopher J. Dement was arrested for DWI in Monroe, Louisiana on July 5, 1990. He allegedly refused to submit to a chemical test for intoxication. Accordingly, the Office of Motor Vehicles sought to suspend his driving privileges for 180 days. LSA-R.S. 32:667. Mr. Dement requested an administrative hearing under LSA-R.S. 32:668(A), which was conducted on September 10, 1990. The hearing resulted in a finding by the administrative law judge that the proposed suspension should be affirmed. Subsequently, Mr. Dement filed a petition in the district court requesting a contradictory hearing with the Department and seeking judicial review of the administrative adjudication, as provided in LSA-R.S. 32:668(C).
Prior to the hearing in district court, the Department sought a trial de novo, arguing that the district court proceedings should include the testimony of witnesses, rather than being limited to a review of the record of the administrative proceedings. The only witness subpoenaed by the Department was the arresting officer, who was also the only witness who testified at the administrative hearing. The trial court ruled that the Department was not entitled to a trial de novo and ordered submission of the administrative record for review.
After reviewing the administrative record, the court affirmed the administrative law judge's findings of fact. However, disagreeing with the administrative law judge's conclusions, the court rendered judgment reversing the suspension of Mr. Dement's driving privileges.
The Department appealed. The sole issue is whether the trial court erred in limiting its review to the record of the administrative proceedings.

DISCUSSION
The same issue currently before us was presented in Jaubert v. Department of Public Safety, 323 So.2d 212 (La.App. 4th Cir.1975). In that case, a driver who refused an implied consent sobriety test requested an administrative hearing with respect to suspension of his driver's license. After the hearing, the suspension was sustained, and the driver filed suit in district court. At trial, the district court heard the driver's testimony on the merits, but excluded testimony of the arresting officers on the basis that they had not appeared at the administrative hearing. The district court judge concluded that the hearing in district court was limited to a review of the administrative proceedings and was not a trial de novo.
However, the appellate court in Jaubert reversed and remanded, finding that the plaintiff's petition brought the case before the district court under its exclusive original jurisdiction. The court found that the applicable statutory provisions placed no restriction or limitation on the scope of the original judicial hearing, so that the district court was not restricted to a review of the findings of the Department of Public Safety. The appellate court found this conclusion not inconsistent with the Administrative Procedure Act, LSA-R.S. 49:950 et seq. We agree with the Jaubert court's analysis.
The relevant provisions of LSA-R.S. 32:668 and 32:414 are substantially the same now as they were at the time of the *1335 Jaubert decision. The provisions of LSA-R.S. 32:668(C) state:
After a person has exhausted his remedies with the department, he shall have the right to file a petition in the appropriate court for a review of the final order of suspension or denial by the Department of Public Safety and Corrections in the same manner and under the same conditions as is provided in R.S. 32:414 in the cases of suspension, revocation, and cancellation of licenses. The court in its review of the final order of suspension or denial by the Department of Public Safety and Corrections may exercise any action it deems necessary under the law including ordering the department to grant the person restricted driving privileges where appropriate as provided in Subsection B.[1]
(Emphasis ours.)
In turn, LSA-R.S. 32:414(F)(4) provides, in pertinent part:
Any person denied a license or whose license has been suspended, cancelled, or revoked shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish in which the applicant resides. That court is vested with jurisdiction to set the matter for hearing in open court upon ten days' written notice to the department and thereupon to determine whether the person is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this Chapter. Appeal from the decision of the district court may be taken to any court of competent appellate jurisdiction.[2]
(Emphasis ours.)
As stated above, a party has the right to file a petition for review of a final order of suspension under LSA-R.S. 32:668 in the same manner and under the same conditions as is provided in LSA-R.S. 32:414. The latter provisions vest the district court with jurisdiction to determine whether the person is entitled to a license or is subject to suspension. Thus, as noted in Jaubert, supra, neither LSA-R.S. 32:414 nor LSA-R.S. 32:668 places any restriction or limitation on the scope of the original judicial hearing in the district court. Accordingly, we hold, as did the court in Jaubert, that the district court is not restricted to a review of the findings of the Department.
This conclusion is supported by the legislative history of LSA-R.S. 32:668. As previously noted, the current provisions of LSA-R.S. 32:668 concerning judicial review of the final order of the Department are substantially the same as at the time of the Jaubert decision. Also, these current provisions are virtually identical to the provisions of LSA-R.S. 32:668(C) as they read from 1976 until 1983. In 1983, the statute was amended to specifically provide that the hearing in district court was to be a review upon the record of the administrative hearing and that no additional testimony was to be taken. See Acts 1983, No. 632. However, the following year the current language of subsection C was restored, and the language restricting review was eliminated. See Acts 1984, No. 409. The elimination of the short-lived restricting language strongly indicates the legislative intent to restore the unrestricted review process employed prior to the 1983 amendment.
We further note that LSA-R.S. 13:3662(H)(2) provides for witness fees for law enforcement officers who are "subpoenaed by the Department of Public Safety and Corrections for the purpose of appearing and giving testimony in any proceeding for judicial review of administrative action of the Department of Public Safety and Corrections pursuant to any law of this state, including but not limited to, such action pursuant to R.S. 32:668...." (Emphasis ours.) This section was added by Acts 1989, No. 365. Clearly, the legislature contemplated that a judicial review such as the one sought here would require the presence and testimony of witnesses *1336 and would involve more than a mere review of the administrative record.
Additional support for not restricting the hearing in district court to a review of the administrative record is found in the Louisiana Supreme Court's decision in Meyer v. State, Department of Public Safety License Control and Driver Improvement Division, 312 So.2d 289 (La.1975). In that case, the plaintiff was arrested for operating a motor vehicle under the influence of alcoholic beverages. He was notified by the Department of Public Safety that his driving privileges had been withdrawn for a period of six months for refusal to submit to a photo-electric intoximeter test. The plaintiff then requested and was afforded an administrative hearing which resulted in suspension of his driving privileges for six months. From this ruling, the plaintiff sought judicial review in the civil district court. After a hearing, the trial court found that the test sought to be administered was not valid. The Department of Public Safety appealed, contending that the record was devoid of any evidence to show that the test offered was invalid.
In reversing the trial court's decision, the Louisiana Supreme Court observed that although the plaintiff had alleged the test was not valid because it was not properly approved, no proof of that fact was offered. Finding that the plaintiff had the burden of proving that the test was not valid, and that the plaintiff failed to prove this fact, the court found erroneous the trial judge's conclusion that the test was not valid. In so holding, the Supreme Court noted:
The law affords to a party whose license is suspended under R.S. 32:661 et seq. after a hearing before the Department of Public Safety, the right to a file a petition in the appropriate court for review.... The appropriate court is the district court of the parish in which the applicant resides and when such a petition is filed, the matter is set for hearing in open court.... It then becomes a civil action amenable to all the ordinary rules of procedure and proof. The fact that this is an action for judicial review of an administrative hearing does not change the burden of proof placed by law on the plaintiff. [Emphasis ours.]
If the district court review consisted of nothing more than a review of the administrative record, there would be no need to set the matter for hearing in open court, much less apply all the ordinary rules of procedure and proof. Furthermore, we note that in discussing the burden of proof in Meyer, the Louisiana Supreme Court cited the case of Kolb v. State, Department of Public Safety, License Control and Driver Improvement Division, 299 So.2d 877 (La.App. 4th Cir.1974), in which the court of appeal concluded that the plaintiff had borne the burden of proof imposed on him by law in his action filed in the district court for judicial review of suspension of his license. In that case no witnesses were presented at the administrative hearing, but in the district court a full hearing on the merits was held at which both the plaintiff and the arresting officer testified.
In the instant case, the appellee argues that from an equitable perspective the state should not "get two bites at the apple," and that to permit a hearing de novo in the district court would effectively render meaningless the provisions concerning administrative hearings. We disagree.
The driver, rather than the Department, is the party getting "two bites at the apple." The driver can obtain both an administrative hearing and a subsequent hearing before the district court. On the other hand, if the administrative law judge determines that the driver is entitled to a license, the Department cannot request review by the district court. That result follows because the decision of the administrative law judge is considered to be the final decision of the Department.
The fact that the administrative hearing may terminate the question of suspension shows that the administrative proceedings are not an exercise in futility, as contended by appellee. Furthermore, not all final orders of suspension by the Department will result in the filing of petitions in the district court. Thus, we find meritless appellee's argument that failure to restrict the *1337 district court hearing to a review of the administrative proceedings would render the provisions concerning administrative hearings meaningless. Moreover, as shown in Pardue v. Stephens, 558 So.2d 1149, 1159 (La.App. 1st Cir.1989), there are many statutes in Louisiana which provide for judicial review of an administrative decision by a trial de novo.
Finally, we also find, as did the court in Jaubert, supra, that not restricting the district court to a review of the findings of the administrative law judge in cases governed by LSA-R.S. 32:668 is not inconsistent with the provisions of the Louisiana Administrative Procedure Act. While judicial review under the Administrative Procedure Act is confined to the record of the proceedings before the administrative agency, LSA-R.S. 49:964(F), the provisions of LSA-R.S. 49:964 concerning judicial review of adjudications do not limit either the utilization or the scope of judicial review available "under other means of review, redress, relief, or trial de novo provided by law." LSA-R.S. 49:964(A). As previously stated, the provisions of LSA-R.S. 32:668(C) specifically provide for review of a final order of suspension in the same manner and under the same conditions as provided in LSA-R.S. 32:414. The hearing in the district court pursuant to the provisions of LSA-R.S. 32:414 is not restricted to a review of the record of the administrative hearing. In fact, in State, Department of Public Safety, Drivers' License Division v. Moore, 311 So.2d 20 (La.App.2d Cir.1975), this Court found the Administrative Procedure Act to be inapplicable to cases falling within the purview of LSA-R.S. 32:414. See also Price v. State, Department of Public Safety, License Control and Driver Improvement Division, 325 So.2d 759 (La.App. 1st Cir.1976).

CONCLUSION
For the reasons set forth above, we find that the trial court erred in limiting its review to the record of the administrative proceedings. Accordingly, the decision of the trial court is reversed, and the case is remanded for review consistent with this opinion. All costs of this appeal are to be borne by appellee.
REVERSED AND REMANDED.
NOTES
[1] When the Jaubert opinion was written in 1975, the corresponding provisions were found in LSA-R.S. 32:668(B).
[2] In 1975, this language was found in LSA-R.S. 32:414(E).