608 So.2d 994 (1992)
Linda B. FLYNN
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY & CORRECTION.
No. 92-C-0961.
Supreme Court of Louisiana.
November 30, 1992.
Doug Allen Jr., Metairie, for applicant.
Paul E. Schexnayder, Baton Rouge, for respondent.
*995 COLE, Justice.
The issue presented in this case is whether a person seeking judicial review of a driver's license suspension or denial under LSA-R.S. 32:668(C) is entitled to a trial de novo or judicial review limited to a review of the administrative record. On the basis of statutory interpretation, a review of the jurisprudence and legislative history, we find that trial de novo is mandated by the statute.

FACTS
On November 4, 1989, Linda Flynn was stopped for suspicion of DWI by the Lake Pontchartrain Causeway Police after an officer observed her traveling 94 m.p.h. in a 55 m.p.h. zone, swerving across the center line, and maintaining inconsistent speeds of travel. After coming into personal contact with Flynn, the officer noted that Flynn smelled of alcohol, swayed on her feet, had blood-shot eyes, and slurred her speech. After administering a breath test, the officer found that Flynn had .111% blood alcohol content. The officer arrested Flynn for DWI.
On February 13, 1990, an administrative hearing was held at State Police Troop L to determine whether Flynn's driving privileges should be suspended pursuant to LSA-R.S. 32:661-668. At the administrative hearing, the Department relied on the sworn affidavit of the arresting officer and the DWI arrest report. Based on this evidence, the administrative hearing officer found the arresting officer had reasonable grounds to believe Flynn was operating her motor vehicle while under the influence of an alcoholic beverage and affirmed the Department's proposed suspension of Flynn's driving privileges.
Pursuant to LSA-R.S. 32:668(C), Flynn appealed the decision of the administrative hearing officer and sought reinstatement of her driving privileges by filing suit in district court. The Department filed a motion to confine judicial review to the administrative record, which was granted over Flynn's objection. Thereafter, the case was submitted on written memorandum. Finding no error in the record of the administrative hearing, the district court denied Flynn's appeal of the suspension of her driver's license.
Flynn appealed to the first circuit court of appeal, asserting that she was entitled to a trial de novo in the district court and challenging the findings of the administrative hearing officer and the sufficiency of the evidence which supported those findings. The court of appeal affirmed, finding no statutory authorization for a trial de novo.[1] The court of appeal found that in the absence of a special statute authorizing trial de novo, judicial review is confined to review of the record of the administrative agency under the provisions of the Administrative Procedure Act (APA), LSA-R.S. 49:950 et seq. In addition, the court of appeal found that the APA, in LSA-R.S. 49:964(E), provided Flynn with a method of applying to the district court for leave to present further evidence if she felt the administrative record was insufficient.
Finding a conflict in the circuits as to whether a trial de novo or review of the administrative record is authorized under LSA-R.S. 32:668(C), this court granted the plaintiff's writ.[2]

LAW
The Informed Consent Law, LSA-R.S. 32:661-668, "addresses the testing of persons suspected of operating motor vehicles and motor powered watercraft while under the influence of alcoholic beverages or controlled dangerous substances" and provides sanctions for persons who refuse to submit to a chemical test for intoxication or who submit to a chemical test, the results of which are presumptive of intoxication. Boe v. State, 558 So.2d 1333, 1335 (La.App. 4th Cir.1990). The statutes also provide the administrative procedures for sanctioning such persons and for review of such decisions. Id.
LSA-R.S. 32:667 authorizes law enforcement officers to seize the driver's license *996 and issue a temporary receipt when a person has been arrested for DWI and either refuses a chemical test or takes the test which results in a finding of a blood alcohol level presumptive of intoxication. A person may request an administrative hearing under LSA-R.S. 32:668(A) to determine whether the law enforcement officer had reasonable grounds to believe that the person who had been driving was under the influence of either alcoholic beverages or illegal controlled dangerous substances. If the person seeks review of the administrative decision, LSA-R.S. 32:668(C) provides:
C. After a person has exhausted his remedies with the department, he shall have the right to file a petition in the appropriate court for a review of the final order of suspension or denial by the Department of Public Safety and Corrections in the same manner and under the same conditions as is provided in R.S. 32:414 in the cases of suspension, revocation, and cancellation of licenses. The court in its review of the final order of suspension or denial by the Department of Public Safety and Corrections may exercise any action it deems necessary under the law including ordering the department to grant the person restricted driving privileges where appropriate as provided in Subsection B.
(emphasis added)
The reference to R.S. 32:414 is to the comparable statute for the procedure following withdrawal of driving privileges after a conviction for driving while intoxicated or some other driving offense. In pertinent part, LSA-R.S. 32:414(F)(4) provides:
Any person denied a license or whose license has been suspended, cancelled, or revoked shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish in which the applicant resides. That court is vested with jurisdiction to set the matter for hearing in open court upon ten days' written notice to the department and thereupon to determine whether the person is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this Chapter. Appeal from the decision of the district court may be taken to any court of competent appellate jurisdiction.
(emphasis added)
The court of appeal found the language providing for a "hearing in open court" to be "merely in contrast to a hearing in chambers, which is allowable under several specific statutes in other areas of our law."[3] The court of appeal erred in its interpretation of this language. Since § 414 makes no provision for any type of hearing before the department prior to notice of the department's action, it is clear that the "hearing in open court" provides a plaintiff his first opportunity for a hearing. Judicial review of the department's action under § 414 must, of necessity, be a trial de novo so that the plaintiff may introduce evidence as to his claim. See Guillot v. State, Department of Public Safety, 380 So.2d 1250, 1254 (La.App. 3rd Cir.), writ denied, 384 So.2d 795 (La.1980); State, Department of Public Safety, Drivers' License Division v. Moore, 311 So.2d 20, 23 (La.App. 2nd Cir.1975). Thus, if cases brought pursuant to § 668 are to use the same judicial review procedure as the procedure authorized under § 414, they should be afforded trial de novo.[4]
This conclusion is supported by the legislative history of § 668. When enacted, the pertinent provision of the statute regarding *997 judicial review was substantially similar to the section as it now exists.[5] Until 1983, this section was not substantially changed. In Acts 1983, No. 632, § 1, effective January 1, 1984, the legislature amended the provision concerning judicial review to specifically provide that the hearing in district court was to be a review upon the record of the administrative hearing and that no additional testimony was to be taken.[6] This amendment was in operation for less than one year. In 1984, the current language of subsection C was restored and the language limiting judicial review to the administrative record was eliminated.[7] Thus, the limited time period during which the restricting language was in effect, added to the legislature's subsequent elimination of the language, supports the conclusion that the legislature intended to restore the unrestricted, de novo review process in effect prior to the 1983 amendment.
Other legislation supports this conclusion. LSA-R.S. 13:3662(H)(2) provides for appearance fees for law enforcement officers who are "subpoenaed by the Department of Public Safety and Corrections for the purpose of appearing and giving testimony in any proceeding for judicial review of administrative action of the Department of Public Safety and Corrections pursuant to any law of this state, including but not limited to, such action pursuant to R.S. 32:668...."[8] Clearly, the legislature contemplated that judicial review under § 668 would encompass the calling of witnesses, the taking of testimony, and the introduction of evidence for which the presence of law enforcement officers was necessary. In short, the legislature contemplated a trial de novo for the judicial review of cases brought pursuant to § 668.
Jurisprudence also supports the conclusion that de novo review is authorized by § 668. In determining which party bore the burden of proof in a hearing under the earlier, similar language of § 668, this court intimated that trial de novo was the appropriate type of judicial review. In Meyer v. State, Department of Public Safety License Control and Driver Improvement Division, 312 So.2d 289 (La. 1975), the plaintiff's driver's license was suspended for six months by the Department for failure to submit to a chemical test after his arrest for DWI. This suspension was upheld after an administrative hearing. The plaintiff then filed for judicial review in the district court under § 668. In its reasoning this court stated:
The law affords to a party whose license is suspended under R.S. 32:661 et seq. after a hearing before the Department of Public Safety, the right to file a petition in the appropriate court for review. La. R.S. 32:668 (1968), as amended, Acts *998 1972, No. 534, § 1. The appropriate court is the district court of the parish in which the applicant resides and when such a petition is filed, the matter is set for hearing in open court. Id. 32:414 subd. E, as amended, Acts 1968, No. 597, § 1. It then becomes a civil action amenable to all of the ordinary rules of procedure and proof.

Meyer, 312 So.2d at 292 (emphasis added).
There would be no need for the rules of procedure and proof in these hearings if the scope of the hearing was limited to review of the administrative record. In interpreting the legislative provisions, this court previously found the legislature envisioned a hearing in the district court encompassing the taking of testimony and the introduction of evidence to which the rules of procedure and evidence would apply.
The precise issue now before this court was first presented in Jaubert v. Department of Public Safety, 323 So.2d 212 (La. App. 4th Cir.1975). In Jaubert, the plaintiff was arrested and refused to take a sobriety test. He was informed by the Department that his driver's license was suspended for six months. Jaubert requested an administrative hearing, which sustained the suspension. Jaubert filed suit in district court pursuant to § 668 and § 414(E) seeking to enjoin and prohibit the Department from suspending his license.[9] The district court concluded that the judicial hearing was limited to a review of the administrative proceedings and not to a trial de novo. On the basis of the administrative record, the district court held in Jaubert's favor, restraining, enjoining, and prohibiting the Department from interfering with his driving privileges.
The Department appealed. In reversing the district court's finding, the fourth circuit court of appeal held that Jaubert's petition brought the case before the district court under its exclusive original jurisdiction. The court of appeal found neither § 668 nor § 414 placed any restriction or limitation on the scope of the original judicial hearing, so the district court was not restricted to a review of the department's findings. The court of appeal found this analysis not inconsistent with the provisions of the APA.
After Jaubert, judicial review under § 668 continued in the form of trial de novo. See White v. State, Department of Public Safety, 361 So.2d 265, 266 (La.App. 1st Cir.1978) (trial de novo afforded plaintiff)[10]; Hoffman v. Louisiana Department of Public Safety, 483 So.2d 1231 (La.App. 4th Cir.), writ denied, 486 So.2d 752 (La.1986) (trial de novo afforded both plaintiffs in consolidated cases); Boe, 558 So.2d at 1334-35 (held the referral to § 414 simply leads to § 415.1(A)(1) which provides for judicial review by contradictory hearings in open court); Rucker v. Lynn, 595 So.2d 1259, 1261-62 (La.App. 4th Cir.), writ denied, 600 So.2d 644-45 (La.1992) (trial de novo afforded plaintiff).
Recently, the reasoning of Jaubert was specifically reaffirmed in Dement v. Department of Public Safety and Corrections, 590 So.2d 1333 (La.App. 2nd Cir. 1991). In Dement, the second circuit noted the legislative history of the statute, the reasoning of Meyer, and the APA to find that judicial review of a driver's license suspension under § 668 required a trial de novo. See also Wilkinson v. State, Department of Public Safety and Corrections, 590 So.2d 1337 (La.App. 2nd Cir. 1991).
In holding that judicial review of Flynn's claims under § 668 was limited to review of the administrative hearing, the first circuit court of appeal in this case rejected the reasoning of Jaubert and relied on an unpublished writ previously granted by that *999 court.[11] In Dupuy v. Department of Public Safety and Corrections, No. CW 89-0721 (La.App. 1st Cir., May 15, 1989) (unpublished), the first circuit held the judicial review by the district court authorized by § 668 was limited to a review of the administrative record, rather than a trial de novo.[12]
It was this conflict in the circuits which prompted this court to grant a writ. A fair reading of the statute, and a review of the legislative history and the jurisprudence, convince us that the judicial review authorized by LSA-R.S. 32:668(C) is a trial de novo. So finding, this matter must be remanded to the district court to afford Flynn the appropriate judicial review of her administrative hearing. The other issues which Flynn assigned as error in this court, challenging the administrative hearing officer's findings and the sufficiency of the evidence which supported those findings, are to be considered by the district court de novo.
REVERSED, AND REMANDED.
NOTES
[1] 597 So.2d 529 (La.App. 1st Cir.1992).
[2] 599 So.2d 319 (La.1992).
[3] 597 So.2d at 533.
[4] The court of appeal held the provisions for judicial review found in the APA, LSA-R.S. 49:964, were applicable in this case. However, where specific procedures already exist and are inconsistent with the provisions of the APA, the specific rules apply. Corbello v. Sutton, 446 So.2d 301, 303 (La.1984). The APA "was not intended to supersede the specific provisions of other administrative acts, or to supersede the rights and remedies created under those acts." Id. The Informed Consent Law provides for judicial review by trial de novo by its reference to § 414, which is inconsistent with the review of the administrative record provided by the APA. Thus, the provisions of the APA are inapplicable here. Consistent with this reasoning, the court of appeal in Moore found the APA was inapplicable to cases brought pursuant to § 414. Moore, 311 So.2d at 24.
[5] See Acts 1968, No. 273, § 14. The provision authorizing judicial review was designated as subsection (B) when originally enacted and provided:

B. If the suspension or determination that there shall be a denial of issuance is sustained after such a[n administrative] hearing, the person whose license or permit to drive or nonresident operating privilege has been suspended or to whom a license or permit is denied shall have the right to file a petition in the appropriate court for a review of the final order or suspension or denial by the state department of public safety in the same manner and under the same conditions as it provided in R.S. 32:414 in the cases of suspension, revocation and cancellation of licenses.
[6] Acts 1983, No. 632, § 1 provides in pertinent part:

Any person denied license or whose license has been suspended, cancelled, or revoked shall, after exhaustion of his administrative remedies, have the right to file an application within thirty days after the administrative decision for a hearing before the district court of the parish in which the applicant resides. The court is vested with jurisdiction to set the matter for hearing upon ten days written notice to the department. At such hearing, the review shall be upon the record of the administrative hearing and no additional testimony shall be taken. If the court finds that the department exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination unsupported by the evidence in the record, the court may reverse the decision made by the administrative hearing officer. The filing of an application as provided for herein shall not result in an automatic stay of the suspension order.
[7] See 1984 Acts, No. 409, § 1.
[8] This section was added by Acts 1989, No. 365, § 1 which became effective September 3, 1989.
[9] At that time, the statutes were substantially similar to their current provisions.
[10] The dissent in White states that judicial review was requested under the provisions of the APA. Since the APA only provides for judicial review on the record of the administrative hearing, and there was a trial at which testimony was taken and the judge was called upon to make a credibility decision, it is clear that trial de novo was afforded and review proceeded under § 668.
[11] 597 So.2d at 532.
[12] Dupuy was later reproduced and relied upon in Bizette v. State Department of Public Safety, 583 So.2d 875, 876 n. 1 (La.App. 1st Cir.1991):

WRIT GRANTED. The honorable trial court is hereby ordered to limit the trial to a judicial review of the administrative record, and is not to conduct a trial de novo in this matter. This court declines to follow Jaubert v. Department of Public Safety, 323 So.2d 212 (La.App. 4th Cir.1975) and choose (sic) instead to follow Louisiana Revised Statutes 49:964(F) which confines the trial court's review to the record. Any action provided in Subsection (G) of Louisiana Revised Statutes 49:964 may be taken by the trial court after a review of the record.
One other circuit has stated that judicial review under § 668(C) must be limited to a review of the administrative record. See Kent v. State, 597 So.2d 137, 138 n. 1 (La.App. 5th Cir.1992).