# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 13-892

**JOSHUA DORE**

**VERSUS**

**STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF MOTOR VEHICLES**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 12-C-5293-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy Howard Ezell, and John E. Conery, Judges.

**REVERSED.**

**Stephen A. Quidd**
**Jennifer Del Murray**
**Department of Public Safety & Corrections**
**P. O. Box 66614**
**Baton Rouge, LA 70896**
**(225) 925-6103**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **State of Louisiana, DPS, Office ofMotor Vehicles**

**D. Warren Ashy**
**A Professional Law Corporation**
**P. O. Box 2515**
**Lafayette, LA 70502**
**(337) 237-0000**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Joshua Dore**

**EZELL, Judge.**

The State of Louisiana Department of Public Safety, Office of Motor Vehicles (hereinafter DPS) appeals the decision of the trial court ordering a notation on the driving record of Joshua Dore for refusal of a chemical test to be stricken. For the following reasons, we reverse the decision of the trial court.

On May 23, 2010, Mr. Dore was arrested for operating a vehicle while intoxicated. Mr. Dore had a commercial drivers' license (CDL) at the time. At the scene, Mr. Dore refused to take a breath test. Thereafter, in accordance with state and federal law, Mr. Dore's CDL was disqualified for one year. He did not in any way challenge this disqualification, even though administrative appeal was an option. After his year of disqualification, Mr. Dore applied for reinstatement of his driving privileges and was issued a Class A CDL. He then filed the current suit to challenge the notation on his driving record indicating his refusal to take the chemical test.

After a hearing on the issue, the trial court below ordered the notation stricken from Mr. Dore's driving record. The DPS appeals, asserting as its sole assignment of error that the trial court erred in so ruling. We agree.

In cases concerning issues of law, "the standard of review of an appellate court is simply whether the court's interpretive decision is legally correct." *Duhon v. Briley*, 12-1137, 12-1138, p. 4 (La.App. 4 Cir. 5/23/13), 117 So.3d 253, 257-58. "Accordingly, if the decision of the trial court is based upon an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court." *Id.*

In this matter, the relevant statute is La.R.S. 32:414.2. It states, in pertinent part (emphasis added):

A. (1)(a) Notwithstanding any other law to the contrary, a person shall be disqualified from driving a commercial motor vehicle for committing any offense specified in this Section. The disqualification offenses apply to violations occurring in this or any other state or in any foreign jurisdiction complying with the requirements of the Federal Motor Carrier Safety Administration for commercial motor vehicles. The department shall suspend, revoke, or cancel the commercial driving privileges of a person who is disqualified to drive pursuant to this Section.

(b)(i) There shall be no economic hardship license to operate a commercial motor vehicle. Upon receipt of a conviction of an offense which requires disqualification of commercial driving privileges, the department shall disqualify the individual from commercial driving privileges. **A disqualification shall be imposed even if the conviction is set aside or dismissed pursuant to any provision of the Code of Criminal Procedure unless the conviction is set aside or dismissed because of an appeal of the conviction. The disqualification shall become part of the individual's official operating record.**

. . . .

(4) Except as provided in Subparagraph (A)(2)(a) for lifetime disqualification, and in Paragraph (A)(3) for three years disqualification for offenses committed while transporting hazardous materials, any person shall be disqualified from operating a commercial motor vehicle for a minimum period of one year for:

. . . .

(d) **A first** *offense* **of refusal to submit to an alcohol concentration or drug test**, while operating a commercial motor vehicle or noncommercial motor vehicle by a commercial driver's license holder.

. . . .

(9)(a) **The operating record of a commercial motor vehicle driver shall include** those offenses where an individual has pled guilty and been sentenced thereupon, forfeited bond resulting in a final judgment of forfeiture, or been found guilty in a final disposition by a court of competent jurisdiction of violating a law in the operation of a motor vehicle, **regulatory actions in which an individual has been adjudged at fault**. . . .

Moreover, under 49 C.F.R. § 384.225(a)(emphasis added), the DPS must: **"Post and maintain as part of the CDLIS driver record:** (1) All convictions, **disqualifications** and other licensing actions for violations of any State or local law relating to motor vehicle traffic control (other than parking, vehicle weight, or vehicle defect violations) committed in any type of vehicle."

In this case, Mr. Dore was advised of his rights as required by La.R.S. 32:661(C), as he signed the form acknowledging that his license would be suspended for the refusal to submit to a chemical test for intoxication. This suspension came via an administrative regulatory action, as La.R.S. 32:414.2(A)(4)(d) sets forth, not a disqualification for a conviction as the discussed in the rest of La.R.S. 32:414.2, but rather for a "first offense of refusal to submit to an alcohol . . . concentration test." The language of the statute is clear that a refusal alone results in the actions taken by the state, regardless of any subsequent criminal filings or proceedings. This is a regulatory action in which Mr. Dore has been automatically adjudged at fault. He accepted without administrative challenge his subsequent year-long disqualification for that refusal. It remains unchallenged still. Under La.R.S. 32:414.2(9)(A), the offense of refusing the chemical test was required to be noted on his driving record. The language of the statute is clear and unambiguous. Again, the fact that he was not charged with the underlying OWI charge does not affect that whatsoever, as the disqualification was for the refusal and not for any OWI offense. The trial court committed legal error in ordering the notification removed.

Furthermore, the trial court made its ruling claiming Mr. Dore had not received proper notice of the length of the notification on his record. However, "the long-standing jurisprudential rule of law is: a statute must first be questioned

3

in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized." *Vallo v. Gayle Oil Co., Inc.,* 94-1238, p. 8 (La. 11/30/94), 646 So.2d 859, 864-65 (footnote omitted). Mr. Dore's argument regarding lack of notice of the above-discussed law's penalties was raised at his hearing; it was never mentioned in any pleading. Moreover, Mr. Dore did not serve the attorney general or notify him of any challenge to the constitutionality of the statute, nor did he afford DPS sufficient time to brief and prepare arguments defending the constitutionality of the statute. Hence, the trial court should not have even considered any claims of insufficient notice surrounding the law in question.

For the above reasons, the decision of the trial court is hereby reversed. Costs of this appeal are hereby assessed against Mr. Dore.

**REVERSED.**