HIGGINBOTHAM, J.
|aThe Department of Public ■ Safety appeals the district court judgment ordering that plaintiffs driver’s license be immediately reinstated,
PACTS AND PROCEDURAL HISTORY
Plaintiff, Jay A. Veasman was arrested on April 6, 2013 and charged with driving *90 while intoxicated .(DWI) and improper lane usage. After being read the standardized form approved by the Department of Public Safety advising him of his rights relating to the chemical test for intoxication pursuant to La. R.S. 32:661(C)(1), Veas-man signed the form and refused chemical testing. At the time of his arrest, Veas-man was issued an official notice of the withdrawal of his driving privileges pürsu-ant to La. R.S. 32:667, which advised Veasman that his driver’s license would be suspended for refusing to submit to the chemical test, and of his right to an administrative hearing if requested within thirty days of the arrest.
Veasman requested an administrative hearing wherein the Administrative Law Judge affirmed the suspension. On-September 20, 2013, Veasman filed suit in the Twenty-Third Judicial District Court t'o challenge the administrative suspension and seeking to enjoin the Office of Motor Vehicles (OMV) from suspending his driver’s license. A de novo hearing on the merits was held July 1, 2014 where the district court heard testimony of witnesses. The parties agreed to submit post-hearing memoranda at the conclusion of the hearing. The district court took the matter under advisement peiiding submission of the parties’ memoranda.
On April 7, 2014, Veasmaris criminal trial for Driving While Intoxicated resolved with a plea of guilty to an amended charge of Careless Operation of a Motor Vehicle. Pursuant- to La. R.S. 32:667(H)(3),. the OMV denied immediate reinstatement of driving privileges for Veasman due to an alleged previous arrest for DWI in 2009.
|3On December 30, 2014, the district court signed a jtídgment in favor of Veas-man reversing the suspension of Veas-maris driver’s license on the-grounds that the Department of Public Safety failed to prove that Veasman is “a person who refuse[d] to submit to an approved chemical test upon a second or subsequent arrest for R.S. 14:98 or 14:98.1, or a parish of municipal- ordinance that prohibits operating a vehicle while intoxicated’’..pursuant to La. R.S. 32:667(H)(3). Further, the district court ordered the immediate reinstatement of Veasmaris driver’s license.
LAW AND ANALYSIS
On review of the administrative suspension of a driver’s license pursuant to the implied consent law, the district court is- required to conduct a trial de novo to determine the propriety of the suspension. Such a trial is a civil action amenable to all of the ordinary rules of procedure and-proof. Further, the fact that this is an action for judicial review of a decision resulting from an administrative hearing does not change the burden of proof placed by law. La. R.S. 32:668(C); Stoltz v. Dept. of Public Safety and Corrections, 2013-1968 (La.App. 1st Cir.6/25/14), 147 So.3d 1131, 1133.
In order to promote safety on Louisiana highways,- the Louisiana Legislature enacted the implied consent law, La. R.S. 32:661 et seq., which addresses the testing of persons suspected of operating motor vehicles while under the influence of alcoholic beverages or controlled dangerous substances. State v. Alcazar, 2000-0536 (La.5/15/01), 784 So.2d 1276, 1279; Flynn v. State, Department of Public Safety & Corrections, 608 So.2d 994, 995 (La.1992). In furtherance of this purpose, La. R.S. 32:661(A)(1) provides in part that any person operating a motor vehicle upon the public highways of Louisiana .“shall be deemed to have given consent ... to a chemical test or tests of his blood, breath, urine, or other bodily substance for the purpose of determining the alcoholic content of his blood” if the | ¿person is “arrest *91 ed for any offense arising out of acts alleged to have been committed while the person was driving . ■. under the influence of alcoholic beverages.” . .
In some instances, the Implied Consent Law does permit a suspect to refuse a chemical test; however, the right to refuse has a price. See La. R.S. 32:666; La. R.S. 32:667; State v. Edwards, 525 So.2d 308, 312 (La.App. 1st Cir.1988). Specifically, where the appropriate procedural safeguards have been met, the Department of Public Safety shall suspend the suspect driver’s license .pursuant La. R.S. 32:667(B)(2) for refusing to submit to an approved chemical test.
However, La. R.S. 32:667(H)(1) allows for immediate reinstatement of a suspect’s suspended license under certain circumstances, providing as follows:
When any person’s driver’s license has been seized, suspended, or revoked, and the seizure, suspension, or revocation is connected to a charge or charges of violation of a criminal law, and the charge or charges do ■ not result in a conviction, plea of guilty, , or bond forfeiture, the person charged shall have his license immediately reinstated and. shall not be required to pay any reinstatement fee if at the time for reinstatement of driver’s license, it can be shown that the. criminal charges have been dismissed or that, there has been a permanent refusal to charge a crime by the appropriate prosecutor or there has been an acquittal. [Emphasis added.]
Thus, pursuant to La. R.S. 32:667(H)(1), where the seizure and suspension of a’motorist’s driver’s license is connected to a DWI charge (or other criminal charge), and the charge does not result in a conviction, guilty plea, or bond forfeiture, the motorist is entitled to have his license immediately reinstated. .
In the instant case, Veasman contends that when the DWI charge was dismissed pursuant to a plea agreement, he was entitled have his license immediately reinstated pursuant to La. R.S. 32:667(H)(1).
However, La. R.S. 32:667(H)(3), enacted by Acts 2012, No. 663, § 1, effective June 7, 2012, limits the applicability of the immediate reinstatement provision contained in subsection (H)(1) as follows:
Paragraph (1) pf this Subsection shall not apply to a person who. refuses to submit to an approved chemical test upon a second or subsequent 1 ^arrest for R.S. 14:98 or 14:98.1.... However, this Paragraph shall not apply if the second or subsequent arrest occurs more than ten years after the prior arrest.
Relying upon La. R.S. 32:667(H)(3), the Department of Public Safety argued that Veasman was not entitled to have his license immediately reinstated given that he refused to submit to the chemical test and had a prior arrest for DWI in 2009.
When one invokes the right to a hearing to review the suspension of his driving privileges, it is incumbent on the Department of Public Safety to prove by competent evidence the facts on which the suspension is based. Bizette v. State, Department of Public Safety, 583 So.2d 875, 878 (La.App. 1st Cir.1991), abrogated on other, grounds by Flynn v. State, Department of Public Safety & Correction, 608 So.2d 994, 999 (La.1992); State, Department of Public Safety, Drivers’ License Division v. Moore, 311 So.2d 20, 23 (La.App. 2nd Cir.1975). In the instant case, the burden was on the Department of Public Safety to prove its allegation that Veas-man refused to submit to ' an 'approved chemical test upon a second or subsequent arrest for R.S. 14:98 or 14:98.1.
In meeting its burden, the Department of Public Safety must prove a previous *92 arrest within ten years of the current arrest.[1] The evidence adduced at trial regarding Veasman’s first arrest consisted of the testimony of Ms. Carolyn Dean, who is a Motor Vehicle Compliance Analyst III with the Office of Motor Vehicles, and the Certificate of The Driving History of Mr. Veasman. Ms. Dean testified that the driving certificate which stated “11-01-09 REFUSAL OF CHEMICAL TEST ... 365 DAYS SUSPENDED” was evidence of his prior arrest. This does not establish an |fiarrest for driving while intoxicated, it simply established a previous suspension and a refusal of a chemical test. Ms. Dean apparently reasoned that the previous suspension was due to an arrest in relation to driving while intoxicated considering that there was a request and refusal for chemical testing. The early reinstatement of the license suggests that there may have been an issue with the alleged arrest.
Because of the ambiguity of the reinstatement and the lack of competent evidence concerning the previous arrest, we find that the Department of Public Safety’s burden of proving a previous arrest has not been met. , For that reason, we agree with the district court’s conclusion that the Department of Public Safety failed to prove that Veasman is “a person who refuse[d] to submit to an approved chemical test upon a second or subsequent arrest for R.S. 14:98 or 14:98.1, or a parish’ of municipal ordinance that prohibits operating a vehicle while intoxicated pursuant to La. R.S. 32:667(H)(3). Therefore, Veas-man was entitled to immediate reinstatement of his license under La. R.S. 32:667(H)(1).[2]
CONCLUSION
For the foregoing reasons, the December 30, 2014, judgment of the district court reversing the suspension of Veasman’s driver’s license and ordering the immediate reinstatement of Veasman’s driver’s license is affirmed. Cost of the appeal are assessed to the Department of Public Safety in the amount of $1,078.51.
AFFIRMED.
CRAIN J., concurs.

. Veasman argued that in his case applying La. R.S, 32:667(H)(3), which became effective before Veasman’s 2013 DWI arrest at issue, but subsequent to his prior alleged 2009 DWI arrest, would constitute a prohibited retroactive application of the law. Subsequent to Veasman filing ■ his appeal, this court addressed that issue in Paul v. Department of Public Safety, 2015-0073 (La.App. 1 Cir. 9/18/15), 182 So.3d 178 and determined that application of La. R.S. 32:667(H)(3) with a prior arrest occurring before the effective date of the law would not result in a retroactive application of the law in violation of La. R.S. 1:2. Rather, the application of La. R.S. 32:667(H)(3) to a refusal to submit to chemical testing for intoxication when such refusal occurs after the statute's effective date constitutes a prospective application of the law.

. Because we find that La. R.S. 32:667(H)(3) which limits the applicability of the immediate reinstatement provision found in (H)(1) is not applicable in this case, all other issues raised in the appeal are moot.