GUIDRY, J.
|2In this administrative review proceeding, plaintiff, Charles Gray, Jr., appeals from a district court judgment affirming the decision of the Administrative Law Judge (ALJ) to suspend and disqualify Gray’s driving privileges for his refusal to submit to a chemical test for intoxication. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On May 6, 2014, Officer Wayne Anderson with the Houma Police Department was working patrol in Terrebonne Parish and traveling down Park Avenue[1] when he observed a black 2011 Chevrolet Corvette pull out from a stop sign on Church Street into his lane of travel on Park Avenue, causing Officer Anderson to slam on his brakes and swerve to avoid a collision. After the Corvette turned left onto Park Avenue, Officer Anderson followed the vehicle in the left lane down Park Avenue and twice observed the vehicle drift over the white dashed line into’ the right lane and then drift back into the left lane. Thereafter, Officer Anderson activated his emergency lights and siren and conducted a traffic stop of Gray’s vehicle.
Upon coming into contact with Gray, Officer Anderson detected an odor of alcohol emitting from Gray’s breath and noticed that Gray’s eyes were glassy and bloodshot and that his speech was slurred. Officer Anderson asked Gray to perform a Standardized Field Sobriety Test and Gray refused. After advising Gray that if he refused to take the test, he would be placed under arrest, Gray again refused to take the test, and Officer Anderson placed Gray under arrest for failure to stop for a stop sign, a violation of La. R.S. 32:123(B); improper lane usage, a violation of La. R.S. 32:79; and driving while intoxicated (DWI), a violation of La. |sR.S. 14:98. Thereafter, Gray also refused to submit to a chemical test for intoxication.
Following Gray’s arrest, Officer Anderson seized Gray’s commercial driver’s license (CDL) and issued Gray a temporary receipt of license pursuant to La. R.S. 32:667(A)(1). In addition to authorizing Gray to temporarily operate a motor vehicle upon the public highways of Louisiana, the receipt also notified Gray that he had thirty days from the date of his arrest to make a written request to the Department of Public Safety and Corrections (Department) for an administrative hearing in accordance with the provisions of La. R.S. 32:668 to contest the Department’s one-year suspension of Gray’s driv *415 ing privileges for his refusal to submit to the chemical test for intoxication. See La. R.S. 32:668(A)(2). Thereafter, Gray filed a written request for an administrative hearing challenging the Department’s decision to suspend his driving privileges. Following a hearing, the ALJ affirmed the Department’s decision, finding that the statutory requirements of the Louisiana Tests for Suspected Drunken Drivers Law, La. R.S. 32:668(A), were met and Gray refused to submit to a chemical test for intoxication.
On August 11, 2014, Gray filed a petition for judicial review in the district court, asserting that the ALJ’s decision was erroneous because: the police officer had no reasonable grounds or probable cause to stop him because he violated no traffic laws; the police officer had no reasonable grounds to believe that he was under the influence of an alcoholic beverage; the police officer did not properly advise him of his rights as required by La. R.S. 32:661; and he was not afforded due process of law at the original administrative hearing, because he was statutorily prohibited from issuing a subpoena of the officer who stopped him. After the filing of Gray’s petition for judicial review, the district court issued an order staying the Department’s decision to suspend Gray’s driving privileges pending the district court’s review of the matter.
| ¿Thereafter, on January 20, 2015, the assistant district attorney for the Thirty-Second Judicial District Court, Parish of Terrebonne, filed a motion to nolle prose-qui the charges against Gray for insufficient evidence. Specifically, the assistant district attorney noted that there was a “lack of objective evidence and very weak subjective evidence. Cannot prevail at trial.”
Prior to trial, the Department submitted a pre-trial memorandum wherein it asserted that the district court should not only uphold the Department’s decision to suspend Gray’s driving privileges for one year but should also uphold the Department’s one-year disqualification of Gray’s CDL based upon Gray’s refusal to submit to the chemical test for intoxication. Gray did not file an objection to consideration of this issue either prior to or at the trial of this matter before the district court.
Gray’s petition for judicial review came for a de novo trial before the district court on August 6, 2015. At the trial, the Department presented evidence as to the propriety of the one-year suspension of Gray’s driving privileges as well as the disqualification of his CDL. Particularly, with regard to disqualification, the Department presented evidence, over the objection of Gray, as to the Department’s proposed lifetime disqualification of Gray’s CDL in accordance with La. R.S. 32:414.2(A)(2)(f). After consideration of the pleadings, testimony of witnesses, evidence, and applicable law, the district court signed a judgment affirming the decision of the ALJ to suspend and disqualify Gray’s driving privileges for one year for refusing to submit to the chemical test for intoxication on May 6,2014.
Gray now appeals from the district court’s judgment.
DISCUSSION
In order to promote safety on Louisiana highways, the Louisiana Legislature enacted the implied consent law, La. R.S. 32:661, et seq., which addresses the testing of persons suspected of operating motor vehicles while under the influence |fiof alcoholic beverages or controlled dangerous substances. Veasman v. State, Dept. of Public Safety, 15-0516, p. 3 (La.App. 1 Cir. 11/9/15), 184 So.3d 88, 90. Louisiana Revised Statute 32:661(A)(1) provides, in pertinent part, that any person “operat[ing] a *416 motor vehicle upon the public highways of this state shall be deemed to have given consent ... to a chemical test or tests of his ... breath ... for the purpose of determining the alcoholic content of his blood” if the person is “arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages.”
When a law enforcement officer places a person under arrest for violation of La. R.S. 14:98, La. R.S. 14:98.1, or any parish or municipal ordinance that prohibits operating a vehicle while intoxicated, and the person refuses to submit to an approved chemical test for intoxication, the officer is required to seize the driver’s license of the person under arrest and issue in its place a temporary receipt of license. La. R.S. 32:667(A)(1). Further, the Department is authorized to suspend the person’s driving privileges for one year from the date of suspension for the refusal. See La. R.S. 32:667(B)(2).
A person may request an administrative hearing to contest the Department’s decision in accordance with La, R.S. 32:668(A). At this hearing, the Department must prove that the officer had reasonable grounds to believe that the person had been driving under the influence of alcohol, that the person was placed under arrest and was advised by the officer as provided in La. R.S. 32:661, and that the driver refused to submit to the test upon request. See La. R.S. 32:668(A); Millen v. State, Dept. of Public Safety and Corrections, 07-0846, p. 5 (La.App. 1 Cir. 12/21/07), 978 So.2d 957, 961.
After a person has exhausted his remedies with the Department, he may file a petition for judicial review in the appropriate district court. La. R.S. | fi32:668(C)(l). On such review, the district court is required to conduct a trial de novo. Flynn v. State, Dept. of Public Safety and Correction, 608 So.2d 994, 999 (La. 1992); Millen, 07-0845 at p. 5, 978 So.2d at 961. As such, the district court is not restricted to a review of the ALJ’s findings, and the district court’s review can encompass the calling of witnesses, the taking of testimony, and the introduction of evidence. Millen, 07-0845 at p. 6 n.4, 978 So.2d at 961 n.4; see also Flynn, 608 So.2d at 997 and Jaubert v. Dept. of Public Safety, 323 So.2d 212, 214 (La. App. 4th Cir. 1975). Such a trial is a civil action amenable to all of the ordinary rales of procedure and proof. Further, the fact that this is an action for judicial review of a decision resulting from an administrative hearing does not change the burden of proof placed by law on the plaintiff. Stoltz v. Dept. of Public Safety and Corrections, 13-1968, p. 3 (La.App. 1 Cir. 6/25/14), 147 So.3d 1131, 1133.
In the instant case, the Department suspended Gray’s driving privileges and disqualified Gray from operating a commercial motor vehicle for one year based upon his refusal to submit to a chemical test for intoxication. Gray requested an administrative hearing before the ALJ, at the conclusion of which the ALJ affirmed the Department’s decision. Gray sought further review of the Department’s decision in the district court, which also affirmed the Department’s decision. On appeal, Gray first contends that the district court erred in finding that the Department established that the law enforcement officer had reasonable grounds to believe that Gray had been driving while under the influence of alcoholic beverages.
At the trial of this matter, the Department introduced the testimony of Officer Anderson. According to Officer Anderson, he observed the black Corvette that Gray *417 was driving pull out from a stop sign on Church Street into his lane of travel on Park Avenue, causing Officer Anderson to slam on his brakes and swerve to avoid a collision. After Gray executed a left turn on to Park Avenue, Officer 17Anderson followed Gray and noticed Gray’s vehicle cross the center line two times. Upon stopping Gray and speaking with him, Officer Anderson noticed that Gray had glassy and bloodshot eyes and that his speech was slurred. Officer Anderson also detected a strong odor of alcoholic beverage emitting from Gray’s breath. Officer Anderson asked Gray if he had consumed alcoholic beverages, to which Gray responded “no,” but when asked to perform a field sobriety test, Gray refused. Officer’s Anderson’s testimony was corroborated by the observation report, which was admitted into evidence.
Gray asserts that observation of an odor of alcohol, glassy and bloodshot eyes, and slurred speech is insufficient to constitute reasonable grounds. However, Gray fails to also take into consideration the totality of the circumstances upon which those observations were made, including the erratic driving behavior observed by Officer Anderson and the fact that Officer Anderson had to take evasive action to avoid a collision with Gray’s vehicle when Gray failed to observe a stop sign. See Henry v. State, Dept. of Public Safety, 01-0103, p. 4 (La. App. 3rd Cir. 6/27/01), 788 So.2d 1286, 1289. Further, while Gray may raise on appeal alternatives for his glassy and bloodshot eyes and slurred speech (he., he had been driving an eighteen wheeler all day prior to his arrest), Gray did not divulge this information to Officer Anderson at that time of his arrest. Accordingly, considering all of the circumstances and the information known to Officer Anderson at the time of Gray’s arrest, we find that Officer Anderson had reasonable grounds to believe that Gray was driving while under the influence of alcohol.
Furthermore, we find no merit to Gray’s contention that La. R.S. 32:661(A)(2) requires the Department to produce written policies of the Houma Police Department defining the “circumstances which constitute sufficient reasonable grounds to trigger the implied consent law.” Louisiana Revised Statute |832:661(A)(1) states that any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to a chemical test or tests of his blood, breath, urine, or other bodily substance for the purpose of determining the alcoholic content of his blood. Subparagraph (A)(2) further states that “[t]he test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person ... to have been driving ... a motor vehicle upon the public highways of this state while under the influence of ... alcoholic beverages ... The law enforcement agency by which such officer is employed shall designate in writing and under what conditions which of the aforesaid tests shall be administered.”
Accordingly, a plain reading of La. R.S. 32:661(A)(1) and (2) demonstrates that the only written policies required of the law enforcement agency are policies setting forth under what conditions which of the tests referred in (A)(1), he., blood, breath, urine or other bodily substance, are to be administered. Contrary to Gray’s assertion, the focus of this language is on test administration, not the officer’s decision that he has reasonable grounds to believe a person was driving a vehicle while under the influence of alcohol. Accordingly, we find Gray’s argument that the Department failed to meet its burden in establishing reasonable grounds to believe Gray was driving while under the influence of alcohol to be without merit.
*418 Gray also asserts that the district court erred in failing to order the reinstatement of his personal driving privileges pursuant to La. R.S. 32:667(H)(1).[2] Louisiana Revised Statute 32:667(H)(1) provides, in pertinent part:
When any person’s driver’s license has been seized, suspended, or revoked, and the seizure, suspension, or revocation is connected to a charge or charges for violation of a criminal law, and the charge or ^charges do not result in a conviction, plea of guilty, or bond forfeiture, the person charged shall have his license immediately reinstated and shall not be required to pay any reinstatement fee if at the time for reinstatement of driver’s license, it can be shown that the criminal charges have been dismissed or that there has been a permanent refusal to charge a crime by the appropriate prosecutor or there has been an acquittal.
However, La. R.S. 32:667(H)(3), which was enacted by Acts 2012, No. 663, § 1, effective June 7, 2012, provides an exception to (H)(1), providing:
Paragraph (1) of this Subsection shall not apply to a person who refuses to submit to an approved chemical test upon a second or subsequent arrest for R.S. 14:98 or 98.1, or a parish or municipal ordinance that prohibits driving a motor vehicle while intoxicated. However, this Paragraph shall not apply if the second or subsequent arrest occurs more than ten years after the prior arrest.
In the instant case, the assistant district attorney for the Thirty-Second Judicial District Court, Parish of Terrebonne, filed a motion to nolle prosequi the charges against Gray related to his May 6, 2014 arrest for insufficient evidence. However, Gray had previously been arrested on October 11, 2009, and charged with a violation of La. R.S. 14:98 for which he pled guilty. Therefore, even though the charges related to the instant refusal and suspension of his driving privileges did not result in a conviction, he is not entitled to have his personal driving privileges reinstated due to the prior arrest.[3]
Finally, because Gray possessed a CDL, in addition to suspending his personal driving privileges, the Department also disqualified Gray from operating a commercial motor vehicle for one year. Louisiana Revised Statute 32:414.2 specifically addresses commercial motor vehicle drivers and grounds for disqualification of commercial driving privileges. Specifically, La. R.S. | m32:414.2(A)(4)(d) provides, in *419 pertinent part, that “any person shali.be disqualified from operating a commercial motor vehicle for a minimum period of one year for ... [a] first offense of refusal to submit to an alcohol concentration or drug test, while operating a commercial motor vehicle or noncommercial motor vehicle by a commercial driver’s license holder.”
The language of the statute is clear that a refusal alone results in the disqualification of commercial driving privileges, regardless of any subsequent criminal filings or proceedings. See Dore v. State, Dept. of Public Safety, Office of Motor Vehicles, 13-892, p. 3 (La. App. 3rd Cir. 2/12/14), 153 So.3d 1089, 1092; see also Navarre v. Louisiana Dept. of Public Safety and Corrections, Office of Motor Vehicles, 13-949, p. 7 (La. App. 3rd Cir. 2/12/14), 153 So.3d 1096, 1101, writ denied, 14-0512 (La. 4/25/14), 138 So.3d 645 and Austin v. Dept. of Public Safety, Office of Motor Vehicles, 46,654, pp. 4-5 (La. App. 2nd Cir. 11/2/11), 77 So.3d 474, 476-77. Accordingly, because Gray, the holder of a CDL, refused to submit to an alcohol concentration test while operating a noncommercial motor ve-hide, he was subject to an automatic disqualification of his commercial driving privileges for one year. See La. R.S. 32:414.2(A)(4)(d).
Accordingly, from our review of the entire record, we find no error in the district court’s judgment affirming the suspension and disqualification of Gray’s driving privileges for his refusal to submit to the chemical test for intoxication on May 6, 2014.[4]
^CONCLUSION
For the foregoing reasons, we affirm the judgment of the district court. All costs of this appeal are assessed to Charles Gray, Jr.
AFFIRMED.

. Officer Anderson referred to the street he was traveling on as West Park Avenue in his testimony at the judicial review hearing, but the arrest report refers to the street as Park Avenue.

. We note that Gray docs not. distinguish between his personal driving privileges and his commercial driving privileges, However, his commercial driving privileges, as discussed supra, are controlled by La. R.S. 32:414.2 and as such, are not subject to the provisions of La. R.S. 32:667(1-1). See Austin v. Dept. of Public Safety, Office of Motor Vehicles, 46,-654, p. 3 (La. App. 2nd Cir, 11/2/11), 77 So.3d 474, 475.

. Gray contends on appeal that because the first arrest occurred before the enactment of La. R.S, 32:667(H)(3), the application of (H)(3) to the facts of this case constitutes a retroactive application of a substantive law, However, this precise argument has been previously addressed by this court in Paul v. State, Dept. of Public Safety, 15-0073, pp. 11-13 (La.App. 1 Cir. 9/18/15), 182 So.3d 178, 184-185, wherein this court found that the application of La. R.S, 32:667(H)(3) with a prior arrest occurring before the effective date of the law would not result in a retroactive application of the law in violation of La. R.S, 1:2. Rather, the application of La. R.S. 32:667(H)(3) to a refusal to submit to chemical testing for intoxication when such refusal occurs after the statute's effective date constitutes a prospective application of the law. Paul, 15-0073 atp. 13, 182 So,3d at 185; see also Veasman, 15-0516 atp. 5 n.1, 184 So.3d at 91-92 n.1.

. As previously noted, the Department raised the issue of lifetime disqualification of Gray’s commercial driving privileges pursuant to La. R.S. 32:414.2(A)(2)(f) for the first time at trial. Louisiana Revised Statute 32:414.2(A)(2)(f) provides, in pertinent part that "Any person shall be disqualified for life from operating a commercial motor vehicle for [t]wo or more of any combination of the offenses listed in Paragraph (A)(4), which arise from different episodes.” The Department asserted that the ■ two offenses were Gray's previous submission to a chemical test in connection with his arrest on October 11, 2009 and his May 4, 2014 refusal to submit to an alcohol concentration test.
The district court expressed concern about considering an issue that had not first been considered by the ALJ. However, despite objection from Gray’s counsel) the district court allowed the Department to introduce evidence on the issue of lifetime disqualification "only for the purpose of perfecting a record in case it goes up further” and noting he "would hear the evidence. Now what I do with it after that is kind of up to me.”
The language of the judgment at issue, affirming the suspension and disqualification of Gray's driving privileges for refusing to submit to a chemical test for intoxication on May 6, 2014, indicates that the district court ultimately did not consider that the issue of lifetime disqualification was properly before it, as the judgment only addresses the suspension and disqualification of Gray's commercial driving privileges related to the one offense. See La. R.S. 32:414.2(A)(4)(d). Because the Department did not answer the appeal contesting the district court’s failure to consider or rule upon the issue of lifetime disqualification, and because Gray has indicated that this issue is presently pending before the Sixteenth Judicial District Court, we do not address whether Gray’s commercial driving privileges are subject to a lifetime disqualification pursuant to La. R.S. 32:414.2(A)(2)(f).