STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-416

STATE OF LOUISIANA

VERSUS

WARREN J. HOFFPAUIR, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2016-10702
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, D. Kent Savoie, and Van H. Kyzar, Judges.

**JUDGMENT VACATED
AND REMANDED.**

Parker R. Mitchell
Jack Derrick Miller, A Professional Corporation
P.O. Drawer 1650
Crowley, LA 70527-1650
(337) 788-0768
COUNSEL FOR DEFENDANT/APPELLANT:
    Warren J. Hoffpauir, Jr.

Jennifer Del Murray
P.O. Box 66614
Baton Rouge, LA 70896
(225) 922-2311
COUNSEL FOR PLAINTIFF/APPELLEE:
    State of Louisiana
    Department of Public Safety & Corrections
    Office of Motor Vehicles

**KYZAR, Judge.**

The defendant, Warren J. Hoffpauir, Jr., appeals from a trial court judgment in favor of the State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles, affirming the suspension of his driving privileges by an administrative law judge. For the following reasons, we vacate the judgment and remand the matter for further proceedings.

## DISCUSSION OF THE RECORD

Based on the facts alleged in his petition, Mr. Hoffpauir was arrested for allegedly operating a vehicle while intoxicated, in violation of La.R.S. 14:98. However, he claims that "there were no objective facts which would justify a determination of probable cause" for his arrest prior to the incident. He alleged that after he was arrested he was questioned by the arresting officer without being administered his *Miranda* rights[1] and was told that his driving privileges were being withdrawn.

Mr. Hoffpauir filed a timely request for review of his suspension, which was denied by an administrative law judge on June 23, 2016. On July 27, 2016, he appealed the matter to the district court in Acadia Parish, pursuant to La.R.S. 32:414(F)(4). In his petition, he requested that a temporary restraining order be issued to restrain the state from suspending his driver's license during the pendency of the proceedings. The temporary restraining order was granted that same day, and the matter was set for a show cause hearing on September 6, 2016.

According to the court minutes, a hearing was held on the temporary restraining order on November 7, 2016. The minutes indicate that the "Parties requested a pre-trial conference. The Court orders parties to prepare a Joint Stipulation and submit it to the Court along with their Briefs." Also on that date,

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966).

the State filed its memorandum in opposition to Mr. Hoffpauir's petition into the record. However, there is no indication in the court minutes that the brief and its attached exhibits were introduced into evidence in this matter.

Mr. Hoffpauir claimed that on November 18, 2016, there was a discussion by telephone between his counsel and the trial judge's office regarding a ten-day deadline for submitting the material discussed at the November 7, 2016 hearing. Mr. Hoffpauir claimed that no deadline was established during the hearing for the submission of the material. Thereafter, on November 29, 2016, the trial court issued a minute entry with ruling, which began as follows:

> This matter came before the Court on November 7, 2016 pursuant to Petitioner, Warren Hoffpauir's Petition for Judicial Review, or Appeal of the Department of Public Safety and Corrections' (Department) decision suspending Petitioner's driving privileges, and subsequent decision by the Division of Administrative Law, Administrative Law Judge (ALJ) which affirmed the suspension of Mr. Hoffpauir's driving privileges.
>
> At the hearing, counsel for both sides agreed there would be no oral argument. The Court then, [sic] ordered that the parties shall within ten (10) days stipulate to the facts of the case, and submit that to the Court, along with Petitioner, Hoffpauir's Brief/Memoranda [sic] (The Department had already provided its Opposition Memorandum). The Court informed that it would then, [sic] take the matter under advisement, and issue an Order. The delays for submitting stipulated facts and petitioner's brief, now having passed, the court finds as follows[.]

The trial court, after reviewing the evidence attached to the State's memorandum, affirmed the administrative law judge's suspension of Mr. Hoffpauir's driving privileges. Notice of this ruling was sent to the parties on December 6, 2016. It is from this judgment that Mr. Hoffpauir appeals.

On appeal, Mr. Hoffpauir argues that the trial court denied him his constitutionally guaranteed right to due process "[b]y rendering judgment without affording [him] an opportunity to be heard on his own cause of action[.]"

2

## OPINION

It is a cornerstone of both state and federal law that no person can be deprived of life, liberty, or property without due process of law. La.Const. art. 1, § 2; U.S. Const. amends. V and XIV. In *Domingue v. Bodin*, 08-62, pp. 4-5 (La.App. 3 Cir. 11/5/08), 996 So.2d 654, 658, this court stated:

> "Very generally, due process requires some kind of hearing and notice thereof." *Fields v. State, Dep't of Pub. Safety & Corr.*, 98-611, p. 7 (La.7/8/98), 714 So.2d 1244, 1250. The requirement of a hearing before a final action can be reached stems from the principle that all persons are entitled to their "day in court." *Parker v. Bd. of Barber Examiners*, 84 So.2d 80 (La.App. 1 Cir.1955). Likewise, the requirement of a reasonably calculated notice under all the circumstances is an elementary and fundamental requirement of due process to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. *Fields*, 714 So.2d 1244.

> In entertaining claims of a possible violation of due process of law,

> > the United States Supreme Court set forth three factors to be weighed when determining the specific dictates required by due process: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

> *Id.* (*citing Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

The Implied Consent Law, found in La.R.S. 32:661-668, requires any person, whom an officer has probable cause to suspect of driving a vehicle while intoxicated, to submit to a chemical test or face sanctions and the suspension of his driving privileges. Anyone losing his driving privileges in this fashion is entitled to an administrative hearing in order to determine whether the suspension of his privileges was proper. La.R.S. 32:668(A). A party, who is unsatisfied with the

3

result received in that hearing, has the right to seek review of that decision in the district court of the parish wherein he resides, in accordance with La.R.S. 32:414(F)(4), which provides, in part:

> That court is vested with jurisdiction to set the matter for hearing in open court upon ten days written notice to the department and thereupon to determine whether the person is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this Chapter. Appeal from the decision of the district court may be taken to any court of competent appellate jurisdiction.

In *Gray v. Louisiana Department of Public Safety and Corrections*, 16-612, pp. 5-6 (La.App. 1 Cir. 2/17/17), 217 So.3d 412, 416, the first circuit explained:

> After a person has exhausted his remedies with the Department, he may file a petition for judicial review in the appropriate district court. La. R.S. 32:668(C)(1). On such review, the district court is required to conduct a trial *de novo*. *Flynn v. State, Dept. of Public Safety and Correction*, 608 So.2d 994, 999 (La. 1992); *Millen* [*v. State, Dept. of Public Safety and Corrections*], 07-0845 at p. 5 [(La.App. 1 Cir. 12/21/07)], 978 So.2d [957,] 961. As such, the district court is not restricted to a review of the ALJ's findings, and the district court's review can encompass the calling of witnesses, the taking of testimony, and the introduction of evidence. *Millen*, 07-0845 at p. 6 n.4, 978 So.2d at 961 n.4; see also *Flynn*, 608 So.2d at 997[,] and *Jaubert v. Dept. of Public Safety*, 323 So.2d 212, 214 (La. App. 4th Cir. 1975). Such a trial is a civil action amenable to all of the ordinary rules of procedure and proof. Further, the fact that this is an action for judicial review of a decision resulting from an administrative hearing does not change the burden of proof placed by law on the plaintiff. *Stoltz v. Dept. of Public Safety and Corrections*, 13-1968, p. 3 (La.App. 1 Cir. 6/25/14), 147 So.3d 1131, 1133.

The record in this matter is very sparse. However, without addressing Mr. Hoffpauir's due process claim, we vacate the trial court's ruling and remand the matter for further proceedings after finding that there was no evidence in the record of this matter from which the trial court could make a ruling.

The court minutes from the November 27, 2016 hearing state:

> RULE/MOTION: Why an injunction should not issue herein, conforming to said temporary restraining order in form and substance, restraining and enjoining defendant from suspending the driving privilegesof [sic] petitioner, until such time as a review of said suspensioncan [sic] be ruled upon by this Honorable Court. Filed on

4

behalf of Warren J [sic] Hoffpauir, Jr. previously scheduled for this date is now called for hearing. Present in Open Court were; [sic] Jennifer Murry [sic], counsel for the State of Louisiana; Parker Mitchell, counsel for Warren J. Hoffpauir, Jr. Parties requested a pre-trial conference. The Court orders parties to prepare a Joint Stipulation and submit it to the Court along with their Briefs.

The record also contains an April 18, 2017 letter from the court reporter to the Acadia Parish Clerk of Court, indicating that after a search of her records, she found no "Note of Evidence" from the November 7, 2016 hearing. Rather, she stated that a pre-trial conference was held in the matter, after which the trial court ordered the parties to submit a joint stipulation.

Although the State filed its memorandum in opposition to Mr. Hoffpauir's petition into the record on the same day of the hearing, it failed to file it or the attached exhibits into evidence.

> It is well settled that pursuant to La. C.C.P. art. 2164, an appellate court must render its judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, judgments and other rulings. The appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Memoranda and exhibits not filed in evidence are not part of the record on appeal. The briefs of the parties and the attachments thereto are not part of the record on appeal. Further, this court does not consider exhibits filed in the record which were not filed into evidence. *Tranum v. Hebert*, 581 So.2d 1023 (La.App. 1st Cir.1991), *writ denied*, 584 So.2d 1169 (La.1991)

*Titlesite, L.C. v. Webb*, 36,437, p. 12 (La.App. 2 Cir. 12/11/02), 833 So.2d 1061, 1068-69.

Pursuant to La.Code Civ.P. art. 2164,[2] appellate courts "have the power to remand an action for proper consideration when the record is so incomplete that the court is unable to pronounce definitely on the issues presented or where the parties have failed, for whatever reason, to produce available evidence material to a proper decision." *Bodin v. Bodin*, 392 So.2d 759, 762 (La.App. 3 Cir. 1980).

---

[2] La.Code Civ.P. art. 2164 provides, in part, that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."

5

Furthermore, La.Code Civ.P. art. 2161 provides, in part, that "[a]n appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record." In this instance, because no evidence was introduced into the record, there is nothing in the record to correct. Thus, we remand the matter to the trial court for a retrial. *See Tremie v. Tremie*, 14-733 (La.App. 3 Cir. 12/17/14), 154 So.3d 796.

## DISPOSITION

For the foregoing reasons, the judgment of the trial court is vacated and the matter is remanded for a retrial. The costs of this matter are assessed to the State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles, in the amount of $180.80 in accordance with La.R.S. 13:5112(A).

**JUDGMENT VACATED AND REMANDED.**

6