STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 1100

DANIEL SPILLMAN

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS, OFFICE OF MOTOR VEHICLES

Judgment Rendered: **APR 1 6 2021**

* * * * *

On Appeal from the
20th Judicial District Court
In and for the Parish of West Feliciana
State of Louisiana
Trial Court No. 23586

Honorable William G. Carmichael, Judge Presiding

* * * * *

| | |
|---|---|
| Charles Eugene Griffin, II<br>St. Francisville, LA | Attorney for Plaintiff-Appellee,<br>Daniel Spillman |
| Stephen A. Quidd<br>Baton Rouge, LA | Attorney for Defendant-Appellant,<br>State of Louisiana, Department of<br>Public Safety and Corrections, Office<br>of Motor Vehicles |

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

Theriot, J concurs

**HESTER, J.**

Defendant-appellant, the State of Louisiana, through the Department of Public Safety and Corrections, Office of Motor Vehicles (OMV), appeals the judgment of the trial court ordering OMV to immediately reinstate the driving privileges and Louisiana driver's license originally issued to plaintiff-appellee, Daniel Spillman. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On June 22, 2020, Mr. Spillman filed a Motion for Reinstatement of Driving Privileges naming OMV as defendant. According to his motion, on March 29, 2016, Mr. Spillman was convicted of second offense driving while intoxicated. The motion stated that Mr. Spillman completed all of the terms of his sentence satisfactorily as of January 2020; more than four years passed since the period of suspension of his driving privileges, which began December 25, 2015; and during the suspension Mr. Spillman did not drive a vehicle because he did not have a vehicle to drive. Mr. Spillman stated that under La. R.S. 32:414 he applied with OMV to have his license reinstated but was informed that he had to have an ignition interlock device installed on his vehicle for the next eighteen months. Mr. Spillman contended that once he completed his suspension period under La. R.S. 32:414 there was no additional requirement that he have an ignition interlock device in his automobile.

OMV answered Mr. Spillman's motion contending that Mr. Spillman's license was suspended pursuant to La. R.S. 32:414(A) based on his DWI conviction and La. R.S. 32:667(B)(1)(c) based on submitting to a chemical test with results showing a blood alcohol level of .20g% or above. OMV argued that reinstatement for a suspension under La. R.S. 32:667(B)(1)(c) required the payment of a fifty dollar fee under La. R.S. 32:667(G), and the installation of an ignition interlock device for a period of one year under La. R.S. 32:667(I)(1)(b) and (2).

2

The matter came before the trial court for a hearing on August 5, 2020. During the hearing, Mr. Spillman's attorney requested that Mr. Spillman be sworn in to testify. The trial court indicated that testimony was not necessary because the court did not think the suspension period was at issue. Thereafter, the parties stipulated on the record that Mr. Spillman's suspension period was complete. OMV also introduced Mr. Spillman's driving record into evidence. The trial court signed a judgment on August 26, 2020, ordering OMV to immediately reinstate Mr. Spillman's license without requiring the installation if an ignition interlock device on his vehicle. It is from this judgment that OMV appeals contending that the trial court erred in determining that Mr. Spillman established that he was eligible for reinstatement of his driving privileges without installation of an ignition interlock device. Mr. Spillman answered the appeal, asserting he is entitled to attorney's fees for responding to a frivolous appeal.

## LAW AND ANALYSIS

Louisiana has enacted two statutory schemes concerning the suspension of driving privileges of persons who drive while intoxicated or under the suspicion of doing so. **Cathey v. Department of Public Safety & Corrections, Office of Motor Vehicles**, 2019-1371 (La. App. 1st Cir. 5/11/20), 303 So.3d 326, 328. These schemes, found in La. R.S. 32:667-668 and 32:414-415.1, permit OMV to suspend the driving privileges of those persons meeting the statutory requirements contained therein. While the two schemes are parallel, they are not integrated; rather, they are separate and distinct. **Cathey**, 303 So.3d at 328. The procedures contained in La. R.S. 32:667-668 apply to those persons who have been arrested upon *suspicion* of driving while intoxicated, while the procedures in La. R.S. 32:414-415.1 apply to those persons who have been *convicted of and sentenced for*, among other things, operating a vehicle while intoxicated. **Cathey**, 303 So.3d at 328.

In his petition, Mr. Spillman stated that he was convicted of a DWI and completed all of the terms of his sentence. Mr. Spillman sought reinstatement of his driver's license under La. R.S. 32:414, which applies to persons convicted and sentenced for DWI. The parties stipulated that Mr. Spillman's suspension period for his DWI conviction was complete at the time of the hearing. Specifically, OMV stipulated, "the suspension period is over."

This court has determined that, under La. R.S. 32:414, there is no requirement that a person applying for reinstatement of his driver's license following the termination of the suspension period must first have an ignition interlock device installed in his vehicle. **Cathey**, 303 So.3d at 329. In so holding, this court cited La. R.S. 32:414(D)(2)[1] which provides upon termination of the suspension period that, "the person whose license has been suspended shall be reinstated, provided no other suspension of license is outstanding and upon satisfaction of any financial responsibility law requirements and upon payment of a reinstatement fee as required by this Section." **Cathey**, 303 So.3d at 329. In **Cathey**, this court pointed out that the installation of ignition interlock device under La. R.S. 32:414 was required for eligibility of a restricted driver's license during a suspension period, but not as a condition of reinstatement once the period of suspension is complete. **Cathey**, 303 So.3d at 329, n. 2.

As the parties stipulated that Mr. Spillman's suspension period after his DWI conviction was complete at the time of the hearing, Mr. Spillman met his burden of

---

[1] We note that La. R.S. 32:414(D)(2) pertinently provides, "[u]pon termination of the **twenty-four month suspension** set forth in this Subsection, the person whose license has been suspended shall be reinstated, provided no other suspension of license is outstanding and upon satisfaction of any financial responsibility law requirements and upon payment of a reinstatement fee as required by this Section." Subsection (D)(1) references **a thirty-six month suspension** for a third offense, while subsection (B) references a **twenty-four month suspension**; accordingly, it is not clear what section of the statute subsection (D)(2) applies to. However, no provision of La. R.S. 32:414 requires the installation of an ignition interlock device as a condition of reinstatement after the termination of the suspension period.

4

proving that he was entitled to have his driver's license reinstated under La. R.S. 32:414 without the installation of an ignition interlock device.

In response to the parties' stipulation, OMV introduced a copy of Mr. Spillman's driving record from their office. OMV provided no testimony about the contents of Mr. Spillman's driving record. The driving record states, "11-25-15 SUBMIT - 2ND AT OR OVER .08...1460 DAYS SUSPENDED 12-26-15 TO 12-26-19" and "03-29-16 DWI FIRST OFFENSE 11-25-15 CLINTON JUDICIAL...0365 DAYS SUSPENDED 12-26-15 TO 12-25-16." Although OMV discussed a second suspension under La. R.S. 32:667 in its answer, OMV did not pursue that argument during the hearing.[2] In its brief OMV argues that Mr. Spillman has a second suspension for testing above .08g%, and under La. R.S. 32:667(I)(1)(b) and an ignition interlock device is a condition of reinstatement under that suspension. Louisiana Revised Statutes 32:667(I)(1)(b) states in relevant part:

> I. (1) In addition to any other provision of law, an ignition interlock device shall be installed in any motor vehicle operated by any of the following persons whose driver's license has been suspended in connection with the following circumstances as a condition of the reinstatement of such person's driver's license:
>
> (b) Any person who has submitted to an approved chemical test for intoxication where the results indicate a blood alcohol level of 0.08 percent or above and whose driver's license has been suspended in accordance with the law for an arrest occurring within ten years of the first arrest.

Thus, in order to rebut Mr. Spillman's evidence that he was entitled to immediate reinstatement of his license, OMV had to show that Mr. Spillman's blood alcohol level was above .08g% and that his driver's license was suspended in accordance with the law for an arrest occurring within ten years of the first arrest. See **Veasman v. State, Dept. of Public Safety**, 2015-0516 (La. App. 1st Cir. 11/9/15), 184 So.3d 88, 91-92. In **Veasman**, this court determined that the evidence

---

[2] During the hearing, OMV stated, "the Department's position is 32:667" but was then interrupted. OMV made no further arguments during the hearing.

5

adduced at trial, including an OMV driving record, did not establish an arrest for driving while intoxicated but simply established a previous suspension and a refusal of a chemical test. **Id.** at 92. Like in **Veasman**, Mr. Spillman's driving record, without more, does not establish the circumstances laid out in La. R.S. 32:667(I)(1)(b). Accordingly, considering the limited evidence presented at the hearing, we find no error in the trial court's ruling that Mr. Spillman was entitled to immediate reinstatement of his driver's license without the installation of an ignition interlock device.

Further, even if OMV had introduced adequate evidence to show that Mr. Spillman's license was suspended under La. R.S. 32:667(I)(1)(b), we are not sure that the legislature intended for Mr. Spillman to complete his entire four-year suspension period under the La. R.S. 32:414 for a DWI conviction, and then still be required to install an ignition interlock device as a condition of reinstatement of his license based on submission to a chemical test where the results indicate a blood alcohol level of .08g% or above.[3] Louisiana Revised Statutes 32:667(F) provides:

> When a license has been suspended under the provisions of this Section and the person is also convicted of or pleads guilty to an offense arising out of the same occurrence, any suspension of license imposed for such offense shall run concurrently with the suspension provided by this Section and the total period of suspension shall not exceed the longer of the two periods.

In our view, since the suspensions run concurrently, once Mr. Spillman's lengthy suspension period for his DWI conviction was complete, he should be entitled to immediate reinstatement of his license.

## ANSWER TO APPEAL

Mr. Spillman filed an answer to the appeal seeking attorney's fees and costs for a frivolous appeal. Appeals are favored, and penalties for a frivolous appeal will

---

[3] Although the evidence was not clear, it appears that Mr. Spillman's suspension for testing above .08g% was based on the same occurrence that resulted in his DWI conviction because Mr. Spillman's petition stated his suspension period began on December 25, 2015, and Mr. Spillman's driving record stated that his suspension period began on December 26, 2015.

6

not be imposed unless they are clearly due. The slightest justification for an appeal precludes damages for a frivolous appeal. **Collins v. Franciscan Missionaries of Our Lady Health System, Inc.**, 2019-0577 (La. App. 1st Cir. 2/21/20), 298 So.3d 191, 198, writ denied, 2020-00480 (La. 6/22/20), 297 So. 3d 773. Although we have determined that the appeal lacks merit, after reviewing the record, we cannot say that OMV did not seriously believe the position it advocated. As such, we decline to assess damages for a frivolous appeal.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed and the answer to the appeal is denied. Costs of the appeal are assessed to the State of Louisiana, through the Department of Public Safety and Corrections, Office of Motor Vehicles in the amount of $631.50.

**AFFIRMED; RELIEF SOUGHT IN ANSWER TO APPEAL DENIED.**

7